# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

_____

Jeffrey Almer as trustee for the heirs of
Shirley Mae Almer,     Case No. 09-cv-00268 (MJD/JSM)

        Plaintiff,

vs.

Peanut Corporation of America, a Virginia
business entity and King Nut Companies,
an Ohio business entity,

        Defendants.

_____

## ORDER
_____

This matter came before the Court on July 13, 2009, with Fred H. Pritzker appearing on behalf of Plaintiff Jeffrey Almer, as trustee for the heirs of Shirley Mae Almer, and Sarah L. Brew appearing on behalf of Defendant Kanan Enterprises, Inc., d/b/a King Nut Companies ("Kanan").

1.    On February 17, 2009, Defendant Peanut Corporation of America ("PCA") filed a Notice of Filing Bankruptcy in the United States Bankruptcy Court for the Western District of Virginia. Within such Notice, Defendant PCA notified this Court and the parties that, "[a]s a result of the bankruptcy filing by [Defendant PCA], the claims of [Plaintiff] Jeffrey Almer as trustee for the heirs of Shirley Mae Almer are stayed as a matter of law under 11 U.S.C. § 362(A)."

2. On or about March 12, 2009, counsel for the Trustee of the Bankruptcy estate of PCA; counsel and representatives of PCA's insurer, The Hartford Insurance Company; counsel for Plaintiff in this case, who also represents other potential plaintiffs allegedly injured by the consumption of PCA peanut butter containing *Salmonella*; counsel representing other plaintiffs with similar claims involving the consumption of PCA peanut butter; counsel for Defendant Kanan; and counsel for Kellogg, Inc., another entity facing claims similar to those against Kanan in this case, agreed to meet to discuss a potential mechanism to resolve all PCA *Salmonella* personal injury claims and lawsuits, including this one, under the supervision of the bankruptcy trustee and court.

3. As a result of that meeting and subsequent discussions among the parties, the Trustee for the Bankruptcy Estate of PCA has drafted a proposed "PCA Salmonella Claim Settlement and Distribution Procedures" ("PCA Settlement Procedure") to be submitted for approval to the United States Bankruptcy Court for the Western District of Virginia, along with a proposed Notice to Salmonella Claimants.

4. The Trustee has not yet submitted the proposed PCA Settlement Procedure to the Bankruptcy Court, but the parties anticipate that the matter will come before the Bankruptcy Court within the next two months.

5. If, as the parties anticipate, the Bankruptcy Court enters an order adopting the PCA Settlement Procedure, or similar procedures, Plaintiff must then decide whether to participate in that procedure or, instead, to pursue his claims against Defendant Kanan in this action.

6. Plaintiff and Defendant Kanan agree that until Plaintiff decides to participate in the PCA Settlement Procedure or to pursue this action, further proceedings in this action should be stayed.

**THEREFORE**, the Court enters the following order:

1. This action is stayed until November 1, 2009.

2. On or before November 1, 2009, Plaintiff's counsel shall notify the Court and defendants' counsel whether Plaintiff has or has not chosen to participate in the PCA Settlement Procedure ordered by the Bankruptcy Court.

3. If Plaintiff chooses not to participate in the PCA Settlement Procedure, Defendant Kanan shall answer or otherwise plead within twenty (20) days from the date on which Plaintiff notifies Kanan of his decision not to participate in the PCA Settlement Procedure.

Dated: July 16, 2009  *s/ Janie S. Mayeron*
Janie S. Mayeron
Magistrate Judge, United States District Court