UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Cynthia F. Gordon, as Trustee for<br>The Heirs and Next of Kin of<br>Walter Valentino Gordon, deceased,<br><br>                Plaintiff,<br>vs.<br><br>The County of Washington, et. al,<br><br>                Defendants. | Case No. 04-2928 DSD/SRN<br><br>**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT THE RECORD** |

---

## **INTRODUCTION**

    Plaintiff seeks to supplement the record following the summary judgment oral arguments because she failed to adequately investigate a witness who was disclosed over 264 days prior to the summary judgment hearing. Plaintiff's motion should be denied because the request to supplement is untimely, prejudicial and because Plaintiff failed to act with due diligence. Moreover, inclusion of Mr. Chase's Affidavit would make Plaintiff's counsel a witness in this action. Therefore, Defendants request the Court deny Plaintiff's motion to supplement the record.

Dockets.Justia.com

# ARGUMENT

I. **PLAINTIFF'S REQUEST TO SUPPLEMENT THE RECORD SHOULD BE DENIED BECAUSE IT IS UNTIMELY, PREJUDICIAL AND BECAUSE PLAINTIFF DID NOT ACT WITH DUE DILIGENCE.**

On October 25, 2004, Defendants disclosed Mr. Chase's name, address and phone number in their Answers to Plaintiff's First Set of Interrogatories. *Aff. of Jason J. Kuboushek, Exh. A.* Mr. Chase's name and address were again provided to Plaintiff on April 5, 2005, in response to Plaintiff's Second Set of Interrrogatories. *Aff. of Kuboushek, Exh. B.* Plaintiff, however, did not begin to actively pursue Mr. Chase until after discovery had closed on April 15, 2005, and after she had received Defendants' Motion for Summary Judgment. *See Declaration of Jordan Kushner,* ¶ *3.* Moreover, Plaintiff's counsel conveniently fails to disclose when he initially tried to contact Mr. Chase. *See Declaration of Jordan Kushner,* ¶ *2.*

In *Williams v. Bank Leumi Trust Co. of New York*, Ct. No. 96-6695, 2000 WL 343897 (S.D.N.Y. 2000) (unpublished, attached), Judge McKenna denied a similar motion under Rule 56(f). Judge McKenna stated, just like Plaintiff's counsel in this case, the "Plaintiff's attorney affidavits chronicle their efforts to obtain discovery from these non-party witnesses, but almost all of these efforts post-date the discovery cutoff in this case." *Id.* at *5. Moreover, Judge McKenna noted the Second Circuit has aptly stated:

> There is, of course, no litmus test to determine the exact amount of time needed for discovery in a particular case. Claims of a need for more discovery by a party who has diligently used the time available, however, should be given more favorable consideration than claims by one who has allowed months to pass unused. Moreover, when alerted to a forthcoming motion for summary judgment, a party wanting more time for discovery

> should seek, through negotiations with the other party and, if necessary, through application to the district court, an appropriate discovery schedule. A party who fails to use the time available and takes no steps to seek more time until after a summary judgment motion has been filed need not be allowed more time for discovery absent a strong showing of need.

*Id.* (quoting *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 927-28 (2nd Cir. 1985). Accordingly, Judge McKenna denied plaintiff's Rule 56(f) motion.

Plaintiff's request to supplement the record should also be denied. Mr. Chase's name, address, and phone number were provided 264 days prior to the summary judgment hearing and 172 days prior to the close of discovery. Plaintiff made no attempt to subpoena Mr. Chase or to request an extension of the discovery deadline or summary judgment hearing. Rather, she now attempts to supplement the record a week after oral arguments. *See Children's Healthcare is a Legal Duty, Inc. v. Min De Parle*, 212 F.3d 1084, 1090 (8th Cir. 2000) (plaintiffs not entitled to supplement the record with documents they obtained after the summary judgment filing deadline). Not only is this request untimely, but it would also allow Plaintiff to add facts into the record in excess of her word limitation. This should not be allowed.

Plaintiff's request also fails under the Rule 60(b)(2) standard. The Eighth Circuit has noted "Rule 60(b)(2) 'provides for extraordinary relief which may be granted only upon adequate showing of exceptional circumstances.'" *Callanan v. Runyun*, 75 F.3d 1293, 1296-97 (8th Cir. 1996) (quoting *Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.2d 509, 515 (8th Cir. 1984). Moreover, Rule 60(b)(2) only applies to evidence discovery "after [the summary judgment hearing];" *Id.* at 1297.

Here, Plaintiff was aware Mr. Chase was a potential witness in October of 2004. *See Aff. of Kuboushek, Ex. A.* Plaintiff's counsel also learned of the specifics of Mr. Chase's recollection of the events in the jail on June 7, 2005 – over a month before the summary judgment hearing. *Declaration of Jordan Kushner,* ¶ 3. Clearly, Plaintiff was aware of Mr. Chase's proposed testimony prior to July 15th. Therefore, she fails to meet the first criterion under Rule 60(b)(2). She also fails to meet the second criterion because she did not act diligently. Plaintiff could have subpoenaed Mr. Chase prior to the discovery deadline, but she chose not to. Accordingly, Plaintiff's motion must be denied.

Finally, Plaintiff's motion should be denied because admittance of Mr. Chase's affidavit would make Attorney Kushner a witness to their conversations and to the form of the affidavit. Thus, the motion must be denied.

## CONCLUSION

For the foregoing reasons, Defendants request the Court deny Plaintiff's Motion to Supplement the Record.

                                        IVERSON REUVERS

Dated: July 26, 2005                By   s/ Jason J. Kuboushek
                                              Jon K. Iverson, #146389
                                              Jason J. Kuboushek, #304037
                                          Attorneys for Defendants
                                          9321 Ensign Avenue South
                                          Bloomington, MN 55438
                                          (952) 548-7200