# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

**RASHID ARRALEH,**

    Plaintiff,

v.

**COUNTY OF RAMSEY and
TERRY ZURN, individually**,

    Defendants.

Civil No. 03-6209 (JNE/JGL)

**O R D E R**

APPEARANCES

Leslie Lienemann, Esq., appeared for Plaintiff.

Angela Potts, Esq., appeared for Defendants.

This case came before the undersigned United States Chief Magistrate Judge Jonathan Lebedoff on January 21, 2005, on Defendants' Motion to Compel Discovery (Doc. No. 15). This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I. BACKGROUND

Plaintiff Rashid Arraleh ("Plaintiff") is a Somalian who worked for Defendant Ramsey County; his Complaint against Defendants alleges that he suffered discrimination in his employment because of his national origin and

race. Plaintiff's Complaint seeks damages which include lost wages and damages for mental anguish.

Defendants ask the Court to compel Plaintiff to supplement his discovery responses to provide personal medical information and information regarding damages.          I

## II.  ANALYSIS

### A.  <u>Medical Records</u>

Defendants ask the Court to compel Plaintiff to provide medical information dating back to 2001.[1] Defendants emphasize that Plaintiff is seeking damages for mental anguish and has claimed to suffer from "sleeplessness and night waking with rumination about the discrimination and termination as well as feelings of anger, fear, and hopelessness regarding re-employment, embarrassment, anxiety and humiliation...." In discovery responses, Plaintiff has admitted being prescribed medication to help him

---

[1] Defendants' papers do not comport with Local Rule 37.1 or 37.2, and there is some resulting confusion to this Court as to the scope of the information sought by Defendants. Defendants' Motion asks for "complete answers" to interrogatories "with regard to all medical history since January 2001" and for Plaintiff to sign releases of information for medical records. The memorandum in support of the motion generally asks for "medical records," but does not identify or reiterate the particular discovery responses for which supplementation is sought, as required by Local Rule 37.2. At the hearing, it appeared that Defendants' counsel may only be seeking records relating to specific assertions of mental anguish, rather than all medical records. Plaintiff's counsel also expressed some confusion over the scope of the motion; Local Rule 37.1 was designed to prevent precisely this concern. Accordingly, the Court reminds counsel to review and adhere to the Local Rules for the District of Minnesota.

sleep in 2004 and to treat "cluster headaches [which he suffered] during his employment with Ramsey County, which resolved after he left."  Plaintiff argues that he need not provide personal, privileged medical information, and that no mental health records exist, as he has not sought mental health counseling and does not allege any mental health diagnosis.  Plaintiff further notes that he has disclosed no medical experts and will not advance any expert testimony at trial.

This Court finds that Plaintiff has not put his overall mental or physical health into controversy and need not produce all medical records from 2001 to the present.  Nevertheless, because Plaintiff has stated that he will testify about his mental anguish, which includes sleeplessness, records which relate to medical treatment for sleeplessness may provide information pertinent to his mental anguish claim.  Similarly, medical records relating to treatment of cluster headaches which Plaintiff arguably links to his employment at Ramsey County are also discoverable.  This Court makes no finding as to the admissibility of such evidence; rather, the Court is allowing this narrow inquiry into Plaintiff's medical records only because they may reasonably relate to the discovery of admissible evidence.

### B. Documents Relating to Economic Loss

Defendants served on Plaintiff document requests seeking documents relating to Plaintiff's damages, damage calculation, and damage mitigation. At oral argument, Defendants noted that Plaintiff had provided some documents regarding mitigation, but that those documents did not completely provide all the information necessary for Defendants to determine Plaintiff's mitigation efforts. Defendants' Motion asks the Court to compel Plaintiff to produce "statement[s]" regarding Plaintiff's mitigation efforts and lost wages.[2] Plaintiff responds that he has produced all the responsive documents in his possession and he cannot be compelled to create documents which do not exist. Plaintiff further states that he will supplement with additional documentation regarding his current job when he has such documentation.

This Court finds that, in response to document requests, Plaintiff is not required to create statements to explain his documents or "fill in" missing information. Still, Plaintiff is under a continuing duty to timely

---

[2] The Court is again uncertain as to exactly which discovery requests are at issue, as they have not been set forth as required by Local Rule 37.2. However, based on Defendants' papers and oral argument, this Court understands that it is Plaintiff's responses to document requests, not interrogatories, which are at issue here.

supplement, and this Court orders that Plaintiff produce any additional documents in his possession relating to damages and/or mitigation within fourteen (14) days of this Order, or within fourteen (14) days of his possession of them, whichever is later. If Plaintiff fails to timely produce documents responsive to reasonable discovery requests, he may be precluded from using such documents at trial.

Based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

Defendants' Motion to Compel Discovery (Doc. No. 15) is **DENIED IN PART** and **GRANTED IN PART** as follows: Plaintiff shall obtain and produce, within thirty (30) days of the date of this Order, medical records relating to any medical treatment for sleeplessness and cluster headaches from 2001 to the present. Plaintiff shall also produce any documents in his possession which have not already been produced relating to his damages and/or mitigation of damages; such supplementation will take place within fourteen (14) days of this Order, or within fourteen (14) days of his possession

of such documents, whichever is later.

Dated: January 24, 2005

                s/ Jonathan Lebedoff
              Jonathan Lebedoff
              Chief United States Magistrate Judge