UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Westport Insurance Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>Endres Processing, LLC, Lawrence Bohmbach Insurance Agency, Inc., John P. Lewis and C.O. Brown Agency, Inc.<br><br>        Defendants. | Court File No: 04-2674 DSD/SRN<br><br>**AFFIDAVIT OF JAMES R. HARRIES IN SUPPORT OF ENDRES PROCESSING, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF WESTPORT INSURANCE CORPORATION'S MOTION TO AMEND THE COMPLAINT** |

STATE OF MINNESOTA   )
                            ) ss.
COUNTY OF HENNEPIN  )

The undersigned, being first duly sworn on oath, states as follows:

1. I am an attorney duly licensed to practice law in the State of Minnesota, and am admitted to practice law before this Court. I am a shareholder of the law firm of Faricy & Roen, P.A. which represents Endres Processing, LLC [hereinafter "Endres"] in the above-captioned matter.

2. On August 22, 2002 Endres commenced a lawsuit against Lawrence Bohmbach Insurance Agency, Inc. [hereinafter "LBA"] in Dakota County, State of Minnesota. A true and correct copy of the Amended Complaint in that action is attached as Exhibit A. In this suit, Endres seeks to recover from LBA damages which resulted from LBA's failure to provide sufficient Business Income Coverage for the Endres food waste processing plant which was destroyed by an explosion in 2000. In addition, the suit seeks to recover damages which resulted

from LBA's failure to provide Endres proper insurance coverage for a storage facility that collapsed and for other problems relating to the procurement of insurance coverage. *Id.*

3. LBA was initially provided defense and indemnity by LBA's errors and omissions carrier, Westport Insurance Corporation [hereinafter "Westport"]. In March of 2004, Westport notified LBA that Westport was rescinding LBA's E&O insurance coverage. A true and correct copy of the March 5, 2004 letter from Rolf Sonnesyn to Jay Bohmbach is attached hereto as Exhibit B. Subsequently, in May 2004, Westport initiated this declaratory judgment action seeking to rescind the E&O policies issued to LBA and to recover attorney fees for defense of the suit by Endres against LBA.

4. After Westport, LBA and Endres had conducted paper discovery and taken depositions, Magistrate Judge Susan Richard Nelson attempted to mediate a resolution of the parties' claims in this case. That effort was not successful. However, at the same mediation, Endres and LBA agreed to enter a *Miller-Shugart* settlement agreement to settle their claims in the state court action. The general parameters of the agreement were placed on the record. The final terms were later negotiated and reduced to a writing dated January 7, 2005. A true and correct copy of the Stipulation for Entry of Judgment Under *Miller v. Shugart* is attached hereto as Exhibit C.

5. Endres has taken no action to enter the *Miller-Shugart* agreement as a judgment. Further, Endres has not commenced any garnishment proceedings against Westport to collect on any stipulated judgment. No garnishment summons has been issued, nor has any supplemental complaint been issued against Westport. <u>Endres does not intend to take any action to reduce the *Miller-Shugart* agreement to judgment or enforce that judgment against Westport unless or until this Court determines that Westport's purported recission of LBA's E&O policies was improper.</u>

6. In November 2004, Westport brought a motion for summary judgment on the issue of policy recission. Endres and LBA contested the motion on several bases. These included that there was no misrepresentation in the insurance application, that the applications are ambiguous and that Westport had prior knowledge of agent John Lewis's licensing issues and was therefore estopped from rescinding the policies on that basis.

7. On or about January 27, 2005, Westport served Interrogatories, Requests for Production of Documents, and Requests for Admissions on both Endres and LBA, true and correct copies of which are attached hereto as Exhibits D, E and F, respectively. Much of this discovery seeks information which relates solely to the issue of the reasonableness of the *Miller-Shugart* settlement agreement. *Id.* Endres and LBA advised Westport that they objected to this discovery because the issue of the reasonableness of the *Miller-Shugart* agreement is not properly before this Court. Westport was also advised that Endres and LBA would bring a motion for a protective order. A hearing date was set for the motion for a protective order. A few days before Endres's and LBA's briefs on the motions were due, Westport filed a motion to amend its complaint. Westport seeks to amend its complaint to request that this court construe the reasonableness and validity of the stipulated judgment. In that regard, Westport has submitted a proposed amended complaint which addresses these new claims in paragraphs 32, 37 and 39. *See,* Affidavit of Rolf Sonnesyn in Support of Westport Insurance Corporation's Motion to Amend the Complaint, Exhibit 1.

8. In addition to the amendments noted above, the amended complaint also contains amendments/alterations which are not addressed substantively in Westport's motion: Westport's amended complaint deletes paragraphs 4 and 10 from the original complaint; inserts entirely new paragraphs 9, 10, 13, 26 and 30; contains a revised/edited paragraph 22; deletes portions of the

original paragraph 20 which is now paragraph 22; rewrites paragraph 31 formerly paragraph 27; and deletes paragraphs 28, 29, 30, 31, 36 and 38 from the original.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

s/ James R. Harries  
James R. Harries

Subscribed and sworn to before
me this 8th day of March, 2005.

s/ Bethany Suhreptz  
Notary Public