# EXHIBIT C

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF DAKOTA                                      FIRST JUDICIAL DISTRICT

---

Endres Processing LLC,                                Court File: 19 C2 02 10613

        Plaintiff,

v.                                                    **STIPULATION FOR**
                                                              **ENTRY OF JUDGMENT**
                                                              **UNDER *MILLER v. SHUGART***

Lawrence Bohmbach Insurance Agency
Inc., and Ian Stuart Individually and d/b/a Heritage
Insurance Agency,

        Defendants.

---

## RECITALS

1. Plaintiff Endres Processing, LLC, commenced the above-captioned lawsuit against Lawrence-Bohmbach Insurance Agency, Inc., Heritage Insurance Company and Ian Stuart Individually and d/b/a Heritage Insurance Agency. During the pendancy of this lawsuit, certain of the assets of Endres Processing, LLC, including all interests in this litigation were transferred to a new corporation named Endres Rosemount Holdings, LLC. This Stipulation for Entry of Judgment Under *Miller v. Shugart* is executed in the name of Endres Rosemount Holdings, LLC, the real party in interest herein. Endres Processing, LLC, and Endres Rosemount Holdings, LLC, shall be referred to jointly and severally herein as Endres Rosemount Holdings.

2. Plaintiff Endres Rosemount Holdings alleged that Endres Rosemount Holdings sustained damages or losses for which Lawrence-Bohmbach Insurance Agency, Inc., is liable because Lawrence-Bohmbach Insurance Agency, Inc., failed in its duties as an insurance agency, (errors and omissions) in relation to Endres Rosemount Holdings as insurance customer.

3. Endres Rosemount Holdings has alleged damages recoverable from Lawrence-Bohmbach Insurance Agency, Inc., in excess of four million eight hundred thousand ($4,800,000) dollars.

4. At all times material, Westport Insurance Corporation ("Westport") had in force and in

1

effect certain policies of insurance agent, or errors and omissions, liability insurance under which Lawrence-Bohmbach Insurance Agency, Inc. was the named insured.

5. Lawrence-Bohmbach Insurance Agency, Inc. forwarded notice of the claim and the lawsuit to Westport seeking defense against the lawsuit as well as indemnification from Westport in the event Endres Rosemount Holdings should be determined entitled to recover damages from Lawrence-Bohmbach Insurance Agency, Inc.

6. Westport initially undertook to provide defense against, and indemnity from, the errors and omissions claims of Endres Rosemount Holdings in the above-captioned lawsuit; Westport retained defense counsel for Lawrence-Bohmbach Insurance Agency, Inc. against said claims.

7. With the assistance of counsel provided by Westport, Lawrence-Bohmbach Insurance Agency, Inc., denied liability to Endres Rosemount Holdings for the claims and sums asserted in the above-entitled lawsuit.

8. Subsequently, beginning with a letter dated March 5, 2004, Westport purported to have rescinded the errors and omissions insurance coverage to Lawrence-Bohmbach Insurance Agency, Inc., thus denying liability insurance coverage, both defense and indemnity, to Lawrence-Bohmbach Insurance Agency, Inc.

9. Westport furthermore withdrew and terminated the defense that had been provided by Westport as errors and omission liability insurer to Lawrence-Bohmbach Insurance Agency, Inc. in this lawsuit.

10. As a direct and proximate result of the denial of coverage by Westport, and the refusal of Westport to defend, Lawrence-Bohmbach Insurance Agency, Inc. has been forced to incur attorney fees and related expense to defend itself against the claims of Endres Rosemount Holdings in this lawsuit.

11. As a further direct and proximate result of the denial of defense by Westport, Lawrence-Bohmbach Insurance Agency, Inc., has incurred attorney fees and expenses in its effort at compelling Westport to provide the defense which Lawrence-Bohmbach Insurance Agency, Inc., considers itself entitled from Westport.

12. Lawrence-Bohmbach Insurance Agency, Inc., has continued to maintain that Westport was without, and cannot establish, legal justification in attempting its purported rescission of errors and omissions liability insurance for Lawrence-Bohmbach Insurance Agency, Inc., and that Westport remained obligated to defend Lawrence-Bohmbach Insurance Agency, Inc., and to indemnify Lawrence-Bohmbach Insurance Agency, Inc., against any recovery which Endres Rosemount Holdings is entitled to make from Lawrence-Bohmbach Insurance Agency, Inc., in the above-entitled matter.

2

13. Lawrence Bohmbach Insurance Agency, Inc., admits that based upon the facts as developed through discovery and investigation, a reasonable jury could find Lawrence Bohmbach Agency, Inc. owed Endres Processing, L.L.C. a duty to properly advise Endres Processing, L.L.C. regarding its insurance needs and a duty to properly procure and/or monitor the procurement of insurance and that Lawrence Bohmbach Insurance Agency, Inc. breached those duties. Further, Lawrence Bohmbach Insurance Agency, Inc. admits that a reasonable jury could find that Lawrence Bohmbach Insurance Agency, Inc.'s alleged breach of said duties resulting in damage to Endres Processing, L.L.C. in an amount in excess of four million ($4,000,000) dollars.

14. Westport has disavowed altogether any and all duty to defend against, or indemnify from, the claims made by Endres Rosemount Holdings in the above-entitled lawsuit.

**NOW, THEREFORE,** it is agreed by and between the parties hereto as follows:

1. Endres Rosemount Holdings and Lawrence-Bohmbach Insurance Agency, Inc., recognize the substantial likelihood that Lawrence-Bohmbach Insurance Agency, Inc., would be found liable to Endres Processing LLC and that therefore Endres Rosemount Holdings would be entitled to have judgment against Lawrence-Bohmbach Insurance Agency, Inc. Lawrence-Bohmbach Insurance Agency, Inc., having been denied liability coverage and defense by Westport, consents and stipulates that Endres Rosemount Holdings take and obtain a judgment, adjudging Lawrence-Bohmbach Insurance Agency, Inc., liable to Endres Rosemount Holdings for errors and omissions liability as an insurance agency, and for damages sustained on account of said error and omission insurance agent liability in the sum of Three Million ($3,000,000) dollars, according to the terms herein set forth.

2. Endres Rosemount Holdings and Lawrence-Bohmbach Insurance Agency, Inc., have kept in mind and been guided by the decision of the Minnesota Supreme Court in *Miller v. Shugart*, 316 N.W.2d 729 (Minn. 1982), and for and in consideration of the mutual covenants and undertakings, and in reliance upon the representations set forth herein, agree as follows:

    A. Lawrence-Bohmbach Insurance Agency, Inc., stipulates to a judgment in favor of Endres Rosemount Holdings and against Lawrence-Bohmbach Insurance Agency, Inc., in the amount of Three Million ($3,000,000) dollars, inclusive of costs and disbursements (the "Miller Shugart judgment"). Lawrence-Bohmbach Insurance Agency, Inc. agrees to execute any and all documents which are necessary to obtain and record the judgment amount.

    B. The Miller/Shugart judgment will not be collected from Lawrence-Bohmbach Insurance Agency, Inc. The Miller Shugart judgment is explicitly not satisfiable by attachment of, nor shall it become a lien upon, any assets of Lawrence-Bohmbach Insurance Agency, Inc., of any sort or nature. Endres Rosemount Holdings will take no action to collect or satisfy the Miller Shugart judgment or

3

any portion thereof from Lawrence-Bohmbach Insurance Agency, Inc., its officers, directors, shareholders, guarantors, employees or agents.

C. Endres Rosemount Holdings will seek to satisfy the Miller/Shugart judgment solely from Westport Insurance Corporation, the errors and omission insurer that has denied coverage to Lawrence-Bohmbach Insurance Agency, Inc.

D. If called upon to do so by Lawrence-Bohmbach Insurance Agency, Inc., Endres Rosemount Holdings will cause to be delivered a release or quit claim deed or other document as to the property or assets of Lawrence-Bohmbach Insurance Agency, Inc., as judgment debtor, affected by the Miller/Shugart judgment with the sole exception of liability which may be found to attach to the policy or policies of insurance issued by Westport.

E. After resolution by judgment, settlement, or otherwise of the claim or action against Westport, Endres Rosemount Holdings will file with the above Court a full and complete satisfaction of judgment in favor of Lawrence-Bohmbach Insurance Agency, Inc.

3. As and for further consideration, Lawrence-Bohmbach Insurance Agency, Inc., hereby loans to Endres Rosemount Holdings interest free, the sum of Three Hundred Thousand ($300,000.00) and no/dollars ("the loan") to be repaid only in the event of recovery from Westport to the extent and in the manner set forth herein in ¶ 6. Said loan shall be deemed forgiven at such time as the loan is repaid or all legal proceedings relating to this matter and to Endres Rosemount Holdings' and Lawrence-Bohmbach Insurance Agency, Inc.'s declaratory action against Westport, currently pending in Federal District Court for the District of Minnesota, are completed. By executing this Stipulation, Endres Rosemount Holdings acknowledges receipt of the loan.

4. Attorney Fees of Lawrence-Bohmbach Insurance Agency, Inc. It is understood and agreed that Lawrence-Bohmbach Insurance Agency, Inc., fully intends to pursue its claim against Westport for reimbursement of its attorney fees, past and present, by seeking to establish that Westport provided coverage and by challenging Westport's attempt at rescission and denial of coverage with regard to the above-entitled lawsuit. The effort of Lawrence-Bohmbach Insurance Agency, Inc., to establish coverage and entitlement to reimbursement of attorney fees will be at the expense of Lawrence-Bohmbach Insurance Agency, Inc., subject to recovery from Westport in the manner set forth herein. The separate claim of Lawrence-Bohmbach Insurance Agency, Inc., against Westport for recovery of its attorney fees is not waived but preserved as a claim by Lawrence-Bohmbach Insurance Agency, Inc., against Westport. Said claim for attorney fees may be consolidated with the claim of Endres Rosemount Holdings in the event of settlement of the claims against Westport, and in that event will be repaid to Lawrence-Bohmbach Insurance Agency, Inc., in the manner set forth herein as "Recovery from Westport."

5.  Lawrence-Bohmbach Insurance Agency, Inc. does not commit or undertake to establish the damages or reasonableness of damages as contemplated by *Miller v. Shugart*. It is contemplated by the parties hereto that in the event Westport is found to have wrongly denied coverage, and that Westport is so ordered to provide coverage, then in that event Endres Processing LLC will be responsible for establishing the reasonableness of the terms of this Agreement. However, Lawrence Bohmbach Agency, Inc. and its counsel agree to make themselves and their personnel available to the extent requested by the Court or Endres Rosemount Holdings to provide information and testimony regarding this matter and this Agreement.

6.  <u>Recovery from Westport</u>. Because both parties hereto have, and intend to preserve, certain claims against Westport the parties agree to an orderly approach to the resolution of their claims against Westport in the event of settlement as follows: Any settlement with Westport must be agreed upon by both parties hereto as to dollar amount and terms. In the event of settlement with Westport, any settlement sums agreed to by both parties will be divided with one-third (1/3) to be paid to Lawrence-Bohmbach Insurance Agency, Inc., (until such time as the separate interest of Lawrence-Bohmbach Insurance Agency, Inc., for attorneys fees, related costs and fees relating to its coverage dispute with Westport and/or relating to the defense of Lawrence-Bohmbach Insurance Agency, Inc. against claims by Endres for which defense the insurance policies issued to Lawrence Bohmbach Insurance Agency Inc. by Westport Insurance Company would have provided coverage had Westport not attempted to rescind coverage. ("Attorneys Fees"), as well as the loan set forth herein, are recovered in full) and two-thirds (2/3) to be paid to Endres Processing LLC. In no event shall Lawrence Bohmbach Insurance Agency, Inc. be eligible to recover more than its Attorney's Fees together with the loan set forth herein.

7.  Entire Agreement. This Stipulation contains the entire agreement between the parties hereto and shall be binding upon, and inure to the benefit of, the executors, administrators, personal representatives, heirs, successors and assigns of each.

8.  Cooperation. The parties to this Stipulation agree to cooperate fully and to execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the terms and intend of this agreement.

9.  <u>Execution in Parts; Multiple Originals</u>. This Stipulation for Entry of Judgment Under *Miller v. Shugart* may be executed in any number of multiple originals, each of which shall be deemed an original for all purposes. This Stipulation for Entry of Judgment Under *Miller v. Shugart* may be executed in simultaneous counterparts, each of which shall be considered an original for all purposes.

**THE UNDERSIGNED, HAVING HAD THE ADVICE OF COUNSEL, HAVE READ THE FOREGOING AGREEMENT AND FULLY UNDERSTAND IT**

5

BY EXECUTING THIS SIGNATURE PAGE THE UNDERSIGNED REPRESENTS THAT (S)HE IS A DULY AUTHORIZED REPRESENTATIVE OF THE ENTITY ON WHOSE BEHALF THIS IS EXECUTED, THAT THE UNDERSIGNED HAS READ THE FOREGOING STIPULATION FOR ENTRY OF JUDGMENT UNDER *MILLER v. SHUGART*, FULLY UNDERSTAND IT, AND THAT THE UNDERSIGNED HAS RECEIVED AND RETAINED A COMPLETE COPY OF THIS DOCUMENT.

Dated this 7th day of January, 2005.

Endres Rosemount Holdings, LLC.

By: Leon J. Endres
Its: President

STATE OF MINNESOTA)
                  )
COUNTY OF Dakota  )

On the 7th day of January, 2005, before me appeared Leon J. Endres to me known to be the person named herein and who executed the foregoing Stipulation for Entry of Judgment Under *Miller v. Shugart* and further acknowledged to me that the same was voluntarily executed.



DONNA M. MONTOYA
Notary Public-Minnesota
My Commission Expires Jan 31, 2009

6

BY EXECUTING THIS SIGNATURE PAGE THE UNDERSIGNED REPRESENTS THAT (S)HE IS A DULY AUTHORIZED REPRESENTATIVE OF THE ENTITY ON WHOSE BEHALF THIS IS EXECUTED, THAT THE UNDERSIGNED HAS READ THE FOREGOING STIPULATION FOR ENTRY OF JUDGMENT UNDER *MILLER v. SHUGART*, FULLY UNDERSTAND IT, AND THAT THE UNDERSIGNED HAS RECEIVED AND RETAINED A COMPLETE COPY OF THIS DOCUMENT.

Dated this 6th day of January, 2005

Lawrence-Bohmbach Insurance Agency, Inc.

By: _____
Its: President

STATE OF MINNESOTA)
                  )
COUNTY OF Goodhue )

On the 6th day of January, 2005, before me appeared Jay Bohmback to me known to be the person named herein and who executed the foregoing Stipulation for Entry of Judgment Under *Miller v. Shugart* and further acknowledged to me that the same was voluntarily executed.



FAYE A. RIEDNER
NOTARY PUBLIC-MINNESOTA
MY COMMISSION EXPIRES 1-31-2005

Faye Riedner
1-6-05

7

# EXHIBIT D

11/27/05

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Westport Insurance Corporation,                CV No: 04-2674 (DSD/SRN)

            Plaintiff,

v.

Endres Processing, L.L.C., Lawrence
Bohmbach Insurance Agency, Inc., John P.
Lewis, C.O. Brown Agency, Inc.,

            Defendants.

## INTERROGATORIES

TO:   DEFENDANT ENDRES PROCESSING LLC. AND THEIR COUNSEL OF RECORD, James Harries, Faricy & Roen, 333 South Seventh Street, Suite 2320, Minneapolis Minnesota, Defendants Lawrence Bohmbach Insurance Agency, Inc. and John P. Lewis and their counsel of record Theodore J. Smetak, Arthur Chapman Kettering Smetak & Pikala, 500 Young Quinlan building, 81 South 9th Street, Minneapolis Minnesota George Vogel, Vogel & Gorman PLC, PO Box 39, Fourth Street & East Avenue, Red Wing, Minnesota.

PLEASE TAKE NOTICE that plaintiff demands answers to the following Interrogatories, under oath, pursuant to Rule 33 of the Federal Rules of Civil Procedure.

1. Identify by name, address, employment and telephone number each person who possesses information regarding the circumstances and decision of Endres Processing LLC and Lawrence Bohmbach Insurance Agency, Inc. and John P. Lewis to enter into the Stipulation for entry of Judgment under <u>Miller v. Shugart</u> which is attached as Exhibit A.

2. For each person identified in your answer to Interrogatory No. 1, describe the subject matter of each person's knowledge.



3. Identify each person whom you expect to call as an expert at the time of trial;

   a. Give their current address.
   b. Give the subject matter on which they are expected to testify.
   c. Give the substance of facts upon which they are expected to base their opinions.
   d. Give the substance of the opinions to which they are expected to testify.

4. If you claim damages against Westport Insurance Corporation, describe specifically the damages you are seeking to recover against Westport Insurance Corporation in this lawsuit.

5. If you are seeking reimbursement of attorneys fees and/or costs against Westport Insurance Corporation in this lawsuit, describe with particularity the attorneys fees for which you are seeking reimbursement.

Dated: 1/27/05

Rolf E. Sonnesyn (#131027 - Minnesota)
Bryan B. Carroll (#302399)
Tomsche, Sonnesyn & Tomsche, P.A.
610 Ottawa Avenue North
Minneapolis, Minnesota 55422
Telephone: (763) 521-4499
Fax: (763) 521-4482

ATTORNEYS FOR PLAINTIFF WESTPORT
INSURANCE COMPANY

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF DAKOTA                                      FIRST JUDICIAL DISTRICT

                                                      Court File: 19 C2 02 10613

Endres Processing LLC,

        Plaintiff,

v.                                        **STIPULATION FOR
                                          ENTRY OF JUDGMENT
                                          UNDER *MILLER v. SHUGART***

Lawrence Bohmbach Insurance Agency
Inc., and Ian Stuart Individually and d/b/a Heritage
Insurance Agency,

        Defendants.



## RECITALS

1. Plaintiff Endres Processing, LLC, commenced the above-captioned lawsuit against Lawrence-Bohmbach Insurance Agency, Inc., Heritage Insurance Company and Ian Stuart Individually and d/b/a Heritage Insurance Agency. During the pendency of this lawsuit, certain of the assets of Endres Processing, LLC, including all interests in this litigation were transferred to a new corporation named Endres Rosemount Holdings, LLC. This Stipulation for Entry of Judgment Under *Miller v. Shugart* is executed in the name of Endres Rosemount Holdings, LLC, the real party in interest herein. Endres Processing, LLC, and Endres Rosemount Holdings, LLC, shall be referred to jointly and severally herein as Endres Rosemount Holdings.

2. Plaintiff Endres Rosemount Holdings alleged that Endres Rosemount Holdings sustained damages or losses for which Lawrence-Bohmbach Insurance Agency, Inc., is liable because Lawrence-Bohmbach Insurance Agency, Inc., failed in its duties as an insurance agency, (errors and omissions) in relation to Endres Rosemount Holdings as insurance customer.

3. Endres Rosemount Holdings has alleged damages recoverable from Lawrence-Bohmbach Insurance Agency, Inc., in excess of four million eight hundred thousand ($4,800,000) dollars.

4. At all times material, Westport Insurance Corporation ("Westport") had in force and in

1

effect certain policies of insurance agent, or errors and omissions, liability insurance under which Lawrence-Bohmbach Insurance Agency, Inc. was the named insured.

5. Lawrence-Bohmbach Insurance Agency, Inc. forwarded notice of the claim and the lawsuit to Westport seeking defense against the lawsuit as well as indemnification from Westport in the event Endres Rosemount Holdings should be determined entitled to recover damages from Lawrence-Bohmbach Insurance Agency, Inc.

6. Westport initially undertook to provide defense against, and indemnity from, the errors and omissions claims of Endres Rosemount Holdings in the above-captioned lawsuit; Westport retained defense counsel for Lawrence-Bohmbach Insurance Agency, Inc. against said claims.

7. With the assistance of counsel provided by Westport, Lawrence-Bohmbach Insurance Agency, Inc., denied liability to Endres Rosemount Holdings for the claims and sums asserted in the above-entitled lawsuit.

8. Subsequently, beginning with a letter dated March 5, 2004, Westport purported to have rescinded the errors and omissions insurance coverage to Lawrence-Bohmbach Insurance Agency, Inc., thus denying liability insurance coverage, both defense and indemnity, to Lawrence-Bohmbach Insurance Agency, Inc.

9. Westport furthermore withdrew and terminated the defense that had been provided by Westport as errors and omission liability insurer to Lawrence-Bohmbach Insurance Agency, Inc. in this lawsuit.

10. As a direct and proximate result of the denial of coverage by Westport, and the refusal of Westport to defend, Lawrence-Bohmbach Insurance Agency, Inc. has been forced to incur attorney fees and related expense to defend itself against the claims of Endres Rosemount Holdings in this lawsuit.

11. As a further direct and proximate result of the denial of defense by Westport, Lawrence-Bohmbach Insurance Agency, Inc., has incurred attorney fees and expenses in its effort at compelling Westport to provide the defense which Lawrence-Bohmbach Insurance Agency, Inc., considers itself entitled from Westport.

12. Lawrence-Bohmbach Insurance Agency, Inc., has continued to maintain that Westport was without, and cannot establish, legal justification in attempting its purported rescission of errors and omissions liability insurance for Lawrence-Bohmbach Insurance Agency, Inc., and that Westport remained obligated to defend Lawrence-Bohmbach Insurance Agency, Inc., and to indemnify Lawrence-Bohmbach Insurance Agency, Inc., against any recovery which Endres Rosemount Holdings is entitled to make from Lawrence-Bohmbach Insurance Agency, Inc., in the above-entitled matter.

2

13. Lawrence Bohmbach Insurance Agency, Inc., admits that based upon the facts as developed through discovery and investigation, a reasonable jury could find Lawrence Bohmbach Agency, Inc. owed Endres Processing, L.L.C. a duty to properly advise Endres Processing, L.L.C. regarding its insurance needs and a duty to properly procure and/or monitor the procurement of insurance and that Lawrence Bohmbach Insurance Agency, Inc. breached those duties. Further, Lawrence Bohmbach Insurance Agency, Inc. admits that a reasonable jury could find that Lawrence Bohmbach Insurance Agency, Inc.'s alleged breach of said duties resulting in damage to Endres Processing, L.L.C. in an amount in excess of four million ($4,000,000) dollars.

14. Westport has disavowed altogether any and all duty to defend against, or indemnify from, the claims made by Endres Rosemount Holdings in the above-entitled lawsuit.

NOW, THEREFORE, it is agreed by and between the parties hereto as follows:

1. Endres Rosemount Holdings and Lawrence-Bohmbach Insurance Agency, Inc., recognize the substantial likelihood that Lawrence-Bohmbach Insurance Agency, Inc., would be found liable to Endres Processing LLC and that therefore Endres Rosemount Holdings would be entitled to have judgment against Lawrence-Bohmbach Insurance Agency, Inc. Lawrence-Bohmbach Insurance Agency, Inc., having been denied liability coverage and defense by Westport, consents and stipulates that Endres Rosemount Holdings take and obtain a judgment, adjudging Lawrence-Bohmbach Insurance Agency, Inc., liable to Endres Rosemount Holdings for errors and omissions liability as an insurance agency, and for damages sustained on account of said error and omission insurance agent liability in the sum of Three Million ($3,000,000) dollars, according to the terms herein set forth.

2. Endres Rosemount Holdings and Lawrence-Bohmbach Insurance Agency, Inc., have kept in mind and been guided by the decision of the Minnesota Supreme Court in *Miller v. Shugart*, 316 N.W.2d 729 (Minn. 1982), and for and in consideration of the mutual covenants and undertakings, and in reliance upon the representations set forth herein, agree as follows:

   A. Lawrence-Bohmbach Insurance Agency, Inc., stipulates to a judgment in favor of Endres Rosemount Holdings and against Lawrence-Bohmbach Insurance Agency, Inc., in the amount of Three Million ($3,000,000) dollars, inclusive of costs and disbursements (the "Miller Shugart judgment"). Lawrence-Bohmbach Insurance Agency, Inc. agrees to execute any and all documents which are necessary to obtain and record the judgment amount.

   B. The Miller/Shugart judgment will not be collected from Lawrence-Bohmbach Insurance Agency, Inc. The Miller Shugart judgment is explicitly not satisfiable by attachment of, nor shall it become a lien upon, any assets of Lawrence-Bohmbach Insurance Agency, Inc., of any sort or nature. Endres Rosemount Holdings will take no action to collect or satisfy the Miller Shugart judgment or

3

any portion thereof from Lawrence-Bohmbach Insurance Agency, Inc., its
officers, directors, shareholders, guarantors, employees or agents.

    C. Endres Rosemount Holdings will seek to satisfy the Miller/Shugart judgment solely from Westport Insurance Corporation, the errors and omission insurer that has denied coverage to Lawrence-Bohmbach Insurance Agency, Inc.

    D. If called upon to do so by Lawrence-Bohmbach Insurance Agency, Inc., Endres Rosemount Holdings will cause to be delivered a release or quit claim deed or other document as to the property or assets of Lawrence-Bohmbach Insurance Agency, Inc., as judgment debtor, affected by the Miller/Shugart judgment with the sole exception of liability which may be found to attach to the policy or policies of insurance issued by Westport.

    E. After resolution by judgment, settlement, or otherwise of the claim or action against Westport, Endres Rosemount Holdings will file with the above Court a full and complete satisfaction of judgment in favor of Lawrence-Bohmbach Insurance Agency, Inc.

3. As and for further consideration, Lawrence-Bohmbach Insurance Agency, Inc., hereby loans to Endres Rosemount Holdings interest free, the sum of Three Hundred Thousand ($300,000.00) and no/dollars ("the loan") to be repaid only in the event of recovery from Westport to the extent and in the manner set forth herein in ¶ 6. Said loan shall be deemed forgiven at such time as the loan is repaid or all legal proceedings relating to this matter and to Endres Rosemount Holdings' and Lawrence-Bohmbach Insurance Agency, Inc.'s declaratory action against Westport, currently pending in Federal District Court for the District of Minnesota, are completed. By executing this Stipulation, Endres Rosemount Holdings acknowledges receipt of the loan.

4. Attorney Fees of Lawrence-Bohmbach Insurance Agency, Inc. It is understood and agreed that Lawrence-Bohmbach Insurance Agency, Inc., fully intends to pursue its claim against Westport for reimbursement of its attorney fees, past and present, by seeking to establish that Westport provided coverage and by challenging Westport's attempt at rescission and denial of coverage with regard to the above-entitled lawsuit. The effort of Lawrence-Bohmbach Insurance Agency, Inc., to establish coverage and entitlement to reimbursement of attorney fees will be at the expense of Lawrence-Bohmbach Insurance Agency, Inc., subject to recovery from Westport in the manner set forth herein. The separate claim of Lawrence-Bohmbach Insurance Agency, Inc., against Westport for recovery of its attorney fees is not waived but preserved as a claim by Lawrence-Bohmbach Insurance Agency, Inc., against Westport. Said claim for attorney fees may be consolidated with the claim of Endres Rosemount Holdings in the event of settlement of the claims against Westport, and in that event will be repaid to Lawrence-Bohmbach Insurance Agency, Inc., in the manner set forth herein as "Recovery from Westport."

4

5. Lawrence-Bohmbach Insurance Agency, Inc. does not commit or undertake to establish the damages or reasonableness of damages as contemplated by *Miller v. Shugart*. It is contemplated by the parties hereto that in the event Westport is found to have wrongly denied coverage, and that Westport is so ordered to provide coverage, then in that event Endres Processing LLC will be responsible for establishing the reasonableness of the terms of this Agreement. However, Lawrence Bohmbach Agency, Inc. and its counsel agree to make themselves and their personnel available to the extent requested by the Court or Endres Rosemount Holdings to provide information and testimony regarding this matter and this Agreement.

6. Recovery from Westport. Because both parties hereto have, and intend to preserve, certain claims against Westport the parties agree to an orderly approach to the resolution of their claims against Westport in the event of settlement as follows: Any settlement with Westport must be agreed upon by both parties hereto as to dollar amount and terms. In the event of settlement with Westport, any settlement sums agreed to by both parties will be divided with one-third (1/3) to be paid to Lawrence-Bohmbach Insurance Agency, Inc., (until such time as the separate interest of Lawrence-Bohmbach Insurance Agency, Inc., for attorneys fees, related costs and fees relating to its coverage dispute with Westport and/or relating to the defense of Lawrence-Bohmbach Insurance Agency, Inc. against claims by Endres for which defense the insurance policies issued to Lawrence Bohmbach Insurance Agency Inc. by Westport Insurance Company would have provided coverage had Westport not attempted to rescind coverage. ("Attorneys Fees"), as well as the loan set forth herein, are recovered in full) and two-thirds (2/3) to be paid to Endres Processing LLC. In no event shall Lawrence Bohmbach Insurance Agency, Inc. be eligible to recover more than its Attorney's Fees together with the loan set forth herein.

7. Entire Agreement. This Stipulation contains the entire agreement between the parties hereto and shall be binding upon, and inure to the benefit of, the executors, administrators, personal representatives, heirs, successors and assigns of each.

8. Cooperation. The parties to this Stipulation agree to cooperate fully and to execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the terms and intend of this agreement.

9. Execution in Parts; Multiple Originals. This Stipulation for Entry of Judgment Under *Miller v. Shugart* may be executed in any number of multiple originals, each of which shall be deemed an original for all purposes. This Stipulation for Entry of Judgment Under *Miller v. Shugart* may be executed in simultaneous counterparts, each of which shall be considered an original for all purposes.

**THE UNDERSIGNED, HAVING HAD THE ADVICE OF COUNSEL, HAVE READ THE FOREGOING AGREEMENT AND FULLY UNDERSTAND IT**

5

BY EXECUTING THIS SIGNATURE PAGE THE UNDERSIGNED REPRESENTS THAT (S)HE IS A DULY AUTHORIZED REPRESENTATIVE OF THE ENTITY ON WHOSE BEHALF THIS IS EXECUTED, THAT THE UNDERSIGNED HAS READ THE FOREGOING STIPULATION FOR ENTRY OF JUDGMENT UNDER *MILLER v. SHUGART*, FULLY UNDERSTAND IT, AND THAT THE UNDERSIGNED HAS RECEIVED AND RETAINED A COMPLETE COPY OF THIS DOCUMENT.

Dated this _____ day of _____, 200_.

Endres Rosemount Holdings, LLC.                [Deleted: Endres Processing, LLC]

By:_____
Its:_____

STATE OF MINNESOTA)
                          )
COUNTY OF _____ )

On the _____ day of _____, 200_, before me appeared _____ to me known to be the person named herein and who executed the foregoing Stipulation for Entry of Judgment Under *Miller v. Shugart* and further acknowledged to me that the same was voluntarily executed.

BY EXECUTING THIS SIGNATURE PAGE THE UNDERSIGNED REPRESENTS THAT (S)HE IS A DULY AUTHORIZED REPRESENTATIVE OF THE ENTITY ON WHOSE BEHALF THIS IS EXECUTED, THAT THE UNDERSIGNED HAS READ THE FOREGOING STIPULATION FOR ENTRY OF JUDGMENT UNDER *MILLER v. SHUGART*, FULLY UNDERSTAND IT, AND THAT THE UNDERSIGNED HAS RECEIVED AND RETAINED A COMPLETE COPY OF THIS DOCUMENT.

Dated this _____ day of _____, 200__.

Lawrence-Bohmbach Insurance Agency, Inc.     *[Deleted: .]*

By:_____
Its:_____

STATE OF MINNESOTA )
                       )
COUNTY OF _____ )

    On the _____ day of _____, 200_, before me appeared _____ to me known to be the person named herein and who executed the foregoing Stipulation for Entry of Judgment Under *Miller v. Shugart* and further acknowledged to me that the same was voluntarily executed.