# EXHIBIT E

Westport Insurance Corporation,

CV No: 04-2674 (DSD/SRN)

Plaintiff,

v.

Endres Processing, L.L.C., Lawrence
Bohmbach Insurance Agency, Inc., John P.
Lewis, C.O. Brown Agency, Inc.,

Defendants.

## REQUEST FOR PRODUCTION OF DOCUMENTS

TO: DEFENDANT ENDRES PROCESSING LLC. AND THEIR COUNSEL OF RECORD,
James Harries, Faricy & Roen, 333 South Seventh Street, Suite 2320, Minneapolis MN
55402

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Westport Insurance

Corporation ("Westport") requires Defendant Endres Processing LLC to respond to the

following request to produce documents and things within 30 days after service hereof.

Defendant Endres Processing LLC are under a duty to supplement their answers in accordance

with the Federal Rules of Civil Procedure.

### DEFINITIONS AND INSTRUCTIONS

"Document" means any written, printed, typed, recorded or graphic matter, however

produced, reproduced or stored, including but not limited to letters, telegram messages,

telephone messages, notices, notes of conversations, e-mails, memoranda, reports, agreements,

diaries, minutes, recitals, statements, worksheets, abstracts, resumes, summaries, notes, jottings,

market data books, desk calendars, expense reports, bills of lading, patents, invoices, delivery



records, bills, checks, statements of account, purchase orders, test reports, photographs, tape recordings and audio and video recordings of every kind, computer programs and printouts, and electronic data compilations which are in your possession, custody or control, or which are believed by you to exist or previously to have existed. It shall also include all nonidentical copies of documents by whatever means made.

If any privilege is claimed with respect to any document or communication requested herein, identify the document or communication, and state the privilege claimed and the basis therefore.

## REQUEST TO PRODUCE

1. All documents in the possession of Endres Processing LLC and its counsel, regarding Endres Processing LLC vs CSC Insurance Agency et al., State of Minnesota, Dakota County, First Judicial District, File No. 19 C2 96 7670;

2. All documents that pertain to Paragraph 7 of Endress Processing LLC's Answer and Counterclaim to Westport Insurance Corporation's Complaint;

3. All documents that pertain to Paragraph 9 of Endress Processing LLC's Answer and Counterclaim to Westport Insurance Corporation's Complaint;

4. All documents that pertain to Paragraph 10 of Endress Processing LLC's Answer and Counterclaim to Westport Insurance Corporation's Complaint;

5. All documents that pertain to the Stipulation for Entry of Judgment under <u>Miller vs. Shugart</u> marked as Exhibit A;

6. The monthly internal financial statements for Endres Processing LLC from 2000 to 2005. This request includes all schedules to the monthly internal financial statements;

7. All audited and non-audited year-end financial statements for Endres Processing LLC from 2000 to 2005. This request includes all schedules to the audited and audited year-end financial statements;

8. All income statements for Endres Processing LLC, and schedules, for 2000 to 2005;

9. All balance sheets and schedules for Endres Processing LLC from 2000 to 2005;

10. All cash flow statements, and schedules for Endres Processing LLC from 2000 to 2005.

Dated: 1/27/05

Rolf E. Sonnesyn (#131027 - Minnesota)
Bryan B. Carroll (#302399)
Tomsche, Sonnesyn & Tomsche, P.A.
610 Ottawa Avenue North
Minneapolis, Minnesota 55422
Telephone: (763) 521-4499
Fax: (763) 521-4482

ATTORNEYS FOR PLAINTIFF WESTPORT
INSURANCE COMPANY

STATE OF MINNESOTA                           DISTRICT COURT Formatted

COUNTY OF DAKOTA                             FIRST JUDICIAL DISTRICT

Court File: 19 C2 02 10613

Endres Processing LLC,

      Plaintiff,

v.                                           **STIPULATION FOR**
                                             **ENTRY OF JUDGMENT**
                                             **UNDER** *MILLER v. SHUGART*



Lawrence Bohmbach Insurance Agency
Inc., and Ian Stuart Individually and d/b/a Heritage
Insurance Agency,

      Defendants.

**RECITALS**

1.  Plaintiff Endres Processing, LLC, commenced the above-captioned lawsuit against
    Lawrence-Bohmbach Insurance Agency, Inc., Heritage Insurance Company and Ian Stuart
    Individually and d/b/a Heritage Insurance Agency. During the pendency of this lawsuit,
    certain of the assets of Endres Processing, LLC, including all interests in this litigation
    were transferred to a new corporation named Endres Rosemount Holdings, LLC. This
    Stipulation for Entry of Judgment Under *Miller v. Shugart* is executed in the name of
    Endres Rosemount Holdings, LLC, the real party in interest herein. Endres Processing,
    LLC, and Endres Rosemount Holdings, LLC, shall be referred to jointly and severally
    herein as Endres Rosemount Holdings.

2.  Plaintiff Endres Rosemount Holdings alleged that Endres Rosemount Holdings sustained
    damages or losses for which Lawrence-Bohmbach Insurance Agency, Inc., is liable
    because Lawrence-Bohmbach Insurance Agency, Inc., failed in its duties as an insurance
    agency, (errors and omissions) in relation to Endres Rosemount Holdings as insurance
    customer.

3.  Endres Rosemount Holdings has alleged damages recoverable from Lawrence-Bohmbach
    Insurance Agency, Inc., in excess of four million eight hundred thousand ($4,800,000)
    dollars.

4.  At all times material, Westport Insurance Corporation ("Westport") had in force and in

Deleted: now known as Endres
Rosemount Holdings, LLC, ("Endres
Rosemount Holdings")

Deleted: a

Deleted: .

Deleted: Those assets included the
company, "Endres Processing, LLC" but
did not include any interest in this lawsuit
which was and is retained by the original
Endres Processing, LLC which was
renamed

Deleted:

Deleted: Processing, LLC,

Deleted: Endres Processing, LLC

Deleted: ,

Deleted: Endres Processing, LLC

Deleted: ,

Deleted: Endres Processing, LLC

Deleted: ,

1

effect certain policies of insurance agent, or errors and omissions, liability insurance under which Lawrence-Bohmbach Insurance Agency, Inc. was the named insured.

5.  Lawrence-Bohmbach Insurance Agency, Inc. forwarded notice of the claim and the lawsuit to Westport seeking defense against the lawsuit as well as indemnification from Westport in the event Endres Rosemount Holdings should be determined entitled to recover damages from Lawrence-Bohmbach Insurance Agency, Inc.

6.  Westport initially undertook to provide defense against, and indemnity from, the errors and omissions claims of Endres Rosemount Holdings in the above-captioned lawsuit; Westport retained defense counsel for Lawrence-Bohmbach Insurance Agency, Inc. against said claims.

7.  With the assistance of counsel provided by Westport, Lawrence-Bohmbach Insurance Agency, Inc., denied liability to Endres Rosemount Holdings for the claims and sums asserted in the above-entitled lawsuit.

8.  Subsequently, beginning with a letter dated March 5, 2004, Westport purported to have rescinded the errors and omissions insurance coverage to Lawrence-Bohmbach Insurance Agency, Inc., thus denying liability insurance coverage, both defense and indemnity, to Lawrence-Bohmbach Insurance Agency, Inc.

9.  Westport furthermore withdrew and terminated the defense that had been provided by Westport as errors and omission liability insurer to Lawrence-Bohmbach Insurance Agency, Inc. in this lawsuit.

10. As a direct and proximate result of the denial of coverage by Westport, and the refusal of Westport to defend, Lawrence-Bohmbach Insurance Agency, Inc. has been forced to incur attorney fees and related expense to defend itself against the claims of Endres Rosemount Holdings in this lawsuit.

11. As a further direct and proximate result of the denial of defense by Westport, Lawrence-Bohmbach Insurance Agency, Inc., has incurred attorney fees and expenses in its effort at compelling Westport to provide the defense which Lawrence-Bohmbach Insurance Agency, Inc., considers itself entitled from Westport.

12. Lawrence-Bohmbach Insurance Agency, Inc., has continued to maintain that Westport was without, and cannot establish, legal justification in attempting its purported rescission of errors and omissions liability insurance for Lawrence-Bohmbach Insurance Agency, Inc., and that Westport remained obligated to defend Lawrence-Bohmbach Insurance Agency, Inc., and to indemnify Lawrence-Bohmbach Insurance Agency, Inc., against any recovery which Endres Rosemount Holdings is entitled to make from Lawrence-Bohmbach Insurance Agency, Inc., in the above-entitled matter.

13. Lawrence Bohmbach Insurance Agency, Inc., admits that based upon the facts as developed through discovery and investigation, a reasonable jury could find Lawrence Bohmbach Agency, Inc. owed Endres Processing, L.L.C. a duty to properly advise Endres Processing, L.L.C. regarding its insurance needs and a duty to properly procure and/or monitor the coverage of insurance and that Lawrence Bohmbach Insurance Agency, Inc. breached those duties. Further, Lawrence Bohmbach Insurance Agency, Inc. admits that a reasonable jury could find that Lawrence Bohmbach Insurance Agency, Inc.'s alleged breach of said duties resulting in damage to Endres Processing, L.L.C. in an amount in excess of four million ($4,000,000) dollars.

   `[Deleted: c]`

14. Westport has disavowed altogether any and all duty to defend against, or indemnify from, the claims made by Endres Rosemount Holdings in the above-entitled lawsuit.

   `[Deleted: Endres Processing, LLC]`
   `[Deleted: ,]`

   NOW, THEREFORE, it is agreed by and between the parties hereto as follows:

1. Endres Rosemount Holdings and Lawrence-Bohmbach Insurance Agency, Inc., recognize the substantial likelihood that Lawrence-Bohmbach Insurance Agency, Inc., would be found liable to Endres Processing LLC and that therefore Endres Rosemount Holdings would be entitled to have judgment against Lawrence-Bohmbach Insurance Agency, Inc. Lawrence-Bohmbach Insurance Agency, Inc., having been denied liability coverage and defense by Westport, consents and stipulates that Endres Rosemount Holdings take and obtain a judgment, adjudging Lawrence-Bohmbach Insurance Agency, Inc., liable to Endres Rosemount Holdings for errors and omissions liability as an insurance agency, and for damages sustained on account of said error and omission insurance agent liability in the sum of Three Million ($3,000,000) dollars, according to the terms herein set forth.

   `[Deleted: Endres Processing, LLC]`
   `[Deleted: ,]`
   `[Deleted: Endres Processing, LLC]`
   `[Deleted: ,]`
   `[Deleted: Endres Processing, LLC]`
   `[Deleted: ,]`
   `[Deleted: Endres Processing, LLC]`
   `[Deleted: ,]`

2. Endres Rosemount Holdings and Lawrence-Bohmbach Insurance Agency, Inc., have kept in mind and been guided by the decision of the Minnesota Supreme Court in *Miller v. Shugart*, 316 N.W.2d 729 (Minn. 1982), and for and in consideration of the mutual covenants and undertakings, and in reliance upon the representations set forth herein, agree as follows:

   `[Deleted: Endres Processing, LLC]`
   `[Deleted: ,]`

   A. Lawrence-Bohmbach Insurance Agency, Inc., stipulates to a judgment in favor of Endres Rosemount Holdings and against Lawrence-Bohmbach Insurance Agency, Inc., in the amount of Three Million ($3,000,000) dollars, inclusive of costs and disbursements (the "Miller Shugart judgment"). Lawrence-Bohmbach Insurance Agency, Inc. agrees to execute any and all documents which are necessary to obtain and record the judgment amount.

   `[Deleted: Endres Processing, LLC]`

   B. The Miller/Shugart judgment will not be collected from Lawrence-Bohmbach Insurance Agency, Inc. The Miller Shugart judgment is explicitly not satisfiable by attachment of, nor shall it become a lien upon, any assets of Lawrence-Bohmbach Insurance Agency, Inc., of any sort or nature. Endres Rosemount Holdings will take no action to collect or satisfy the Miller Shugart judgment or

   `[Deleted: Endres Processing, LLC]`
   `[Deleted: ,]`

3

any portion thereof from Lawrence-Bohmbach Insurance Agency, Inc., its officers, directors, shareholders, guarantors, employees or agents.

    C.   Endres Rosemount Holdings will seek to satisfy the Miller/Shugart judgment solely from Westport Insurance Corporation, the errors and omission insurer that has denied coverage to Lawrence-Bohmbach Insurance Agency, Inc.

Deleted: Endres Processing, LLC
Deleted: ,

    D.   If called upon to do so by Lawrence-Bohmbach Insurance Agency, Inc., Endres Rosemount Holdings will cause to be delivered a release or quit claim deed or other document as to the property or assets of Lawrence-Bohmbach Insurance Agency, Inc., as judgment debtor, affected by the Miller/Shugart judgment with the sole exception of liability which may be found to attach to the policy or policies of insurance issued by Westport.

Deleted: Endres Processing, LLC
Deleted: ,

    E.   After resolution by judgment, settlement, or otherwise of the claim or action against Westport, Endres Rosemount Holdings will file with the above Court a full and complete satisfaction of judgment in favor of Lawrence-Bohmbach Insurance Agency, Inc.

Deleted: Endres Processing, LLC
Deleted: ,

3.   As and for further consideration, Lawrence-Bohmbach Insurance Agency, Inc., hereby loans to Endres Rosemount Holdings interest free, the sum of Three Hundred Thousand ($300,000.00) and no/dollars ("the loan") to be repaid only in the event of recovery from Westport to the extent and in the manner set forth herein in ¶ 6. Said loan shall be deemed forgiven at such time as the loan is repaid or all legal proceedings relating to this matter and to Endres Rosemount Holdings' and Lawrence-Bohmbach Insurance Agency, Inc.'s declaratory action against Westport, currently pending in Federal District Court for the District of Minnesota, are completed. By executing this Stipulation, Endres Rosemount Holdings acknowledges receipt of the loan.

Deleted: Endres Processing, LLC
Deleted: ,

Deleted: Endres Processing, LLC
Deleted: ,

4.   Attorney Fees of Lawrence-Bohmbach Insurance Agency, Inc. It is understood and agreed that Lawrence-Bohmbach Insurance Agency, Inc., fully intends to pursue its claim against Westport for reimbursement of its attorney fees, past and present, by seeking to establish that Westport provided coverage and by challenging Westport's attempt at rescission and denial of coverage with regard to the above-entitled lawsuit. The effort of Lawrence-Bohmbach Insurance Agency, Inc., to establish coverage and entitlement to reimbursement of attorney fees will be at the expense of Lawrence-Bohmbach Insurance Agency, Inc., subject to recovery from Westport in the manner set forth herein. The separate claim of Lawrence-Bohmbach Insurance Agency, Inc., against Westport for recovery of its attorney fees is not waived but preserved as a claim by Lawrence-Bohmbach Insurance Agency, Inc., against Westport. Said claim for attorney fees may be consolidated with the claim of Endres Rosemount Holdings in the event of settlement of the claims against Westport, and in that event will be repaid to Lawrence-Bohmbach Insurance Agency, Inc., in the manner set forth herein as "Recovery from Westport."

Deleted: Endres Processing, LLC
Deleted: ,

4

5. Lawrence-Bohmbach Insurance Agency, Inc., does not commit or undertake to establish the damages or reasonableness of damages as contemplated by *Miller v. Shugart*. It is contemplated by the parties hereto that in the event Westport is found to have wrongly denied coverage, and that Westport is so ordered to provide coverage, then in that event Endres Processing LLC will be responsible for establishing the reasonableness of the terms of this Agreement. However, Lawrence Bohmbach Agency, Inc. and its counsel agree to make themselves and their personnel available to the extent requested by the Court or Endres Rosemount Holdings to provide information and testimony regarding this matter and this Agreement.

   **Deleted:** ,

   **Deleted:** Endres Processing, LLC

6. Recovery from Westport. Because both parties hereto have, and intend to preserve, certain claims against Westport the parties agree to an orderly approach to the resolution of their claims against Westport in the event of settlement as follows: Any settlement with Westport must be agreed upon by both parties hereto as to dollar amount and terms. In the event of settlement with Westport, any settlement sums agreed to by both parties will be divided with one-third (1/3) to be paid to Lawrence-Bohmbach Insurance Agency, Inc., (until such time as the separate interest of Lawrence-Bohmbach Insurance Agency, Inc., for attorneys fees, related costs and fees relating to its coverage dispute with Westport and/or relating to the defense of Lawrence-Bohmbach Insurance Agency, Inc. against claims by Endres for which defense the insurance policies issued to Lawrence Bohmbach Insurance Agency Inc. by Westport Insurance Company would have provided coverage had Westport not attempted to rescind coverage. ("Attorneys Fees"), as well as the loan set forth herein, are recovered in full) and two-thirds (2/3) to be paid to Endres Processing LLC. In no event shall Lawrence Bohmbach Insurance Agency, Inc. be eligible to recover more than its Attorney's Fees together with the loan set forth herein.

7. Entire Agreement. This Stipulation contains the entire agreement between the parties hereto and shall be binding upon, and inure to the benefit of, the executors, administrators, personal representatives, heirs, successors and assigns of each.

8. Cooperation. The parties to this Stipulation agree to cooperate fully and to execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the terms and intend of this agreement.

9. Execution in Parts: Multiple Originals. This Stipulation for Entry of Judgment Under *Miller v. Shugart* may be executed in any number of multiple originals, each of which shall be deemed an original for all purposes. This Stipulation for Entry of Judgment Under *Miller v. Shugart* may be executed in simultaneous counterparts, each of which shall be considered an original for all purposes.

   **Deleted:**

   **Deleted:**

THE UNDERSIGNED, HAVING HAD THE ADVICE OF COUNSEL, HAVE READ THE FOREGOING AGREEMENT AND FULLY UNDERSTAND IT

5

BY EXECUTING THIS SIGNATURE PAGE THE UNDERSIGNED REPRESENTS THAT (S)HE IS A DULY AUTHORIZED REPRESENTATIVE OF THE ENTITY ON WHOSE BEHALF THIS IS EXECUTED, THAT THE UNDERSIGNED HAS READ THE FOREGOING STIPULATION FOR ENTRY OF JUDGMENT UNDER *MILLER v. SHUGART*, FULLY UNDERSTAND IT, AND THAT THE UNDERSIGNED HAS RECEIVED AND RETAINED A COMPLETE COPY OF THIS DOCUMENT.

Dated this _____ day of _____, 200_.

Endres Rosemount Holdings, LLC.  ·····································································································  **Deleted: Endres Processing, LLC**

By:_____
Its:_____

STATE OF MINNESOTA)
                                    )
COUNTY OF _____)

On the _____ day of _____, 200_, before me appeared _____ to me known to be the person named herein and who executed the foregoing Stipulation for Entry of Judgment Under *Miller v. Shugart* and further acknowledged to me that the same was voluntarily executed.

6

BY EXECUTING THIS SIGNATURE PAGE THE UNDERSIGNED REPRESENTS THAT (S)HE IS A DULY AUTHORIZED REPRESENTATIVE OF THE ENTITY ON WHOSE BEHALF THIS IS EXECUTED, THAT THE UNDERSIGNED HAS READ THE FOREGOING STIPULATION FOR ENTRY OF JUDGMENT UNDER *MILLER v. SHUGART*, FULLY UNDERSTAND IT, AND THAT THE UNDERSIGNED HAS RECEIVED AND RETAINED A COMPLETE COPY OF THIS DOCUMENT.

Dated this _____ day of _____, 200__.


Lawrence-Bohmbach Insurance Agency, Inc. ..................................................................... [ Deleted: . ]


By: _____
Its: _____

STATE OF MINNESOTA)
                 )
COUNTY OF _____)

On the _____ day of _____, 200__, before me appeared _____
to me known to be the person named herein and who executed the foregoing Stipulation
for Entry of Judgment Under *Miller v. Shugart* and further acknowledged to me that the
same was voluntarily executed.

7

# EXHIBIT F

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Westport Insurance Corporation,

CV No: 04-2674 (DSD/SRN)

Plaintiff,

v.

Endres Processing, L.L.C., Lawrence
Bohmbach Insurance Agency, Inc., John P.
Lewis, C.O. Brown Agency, Inc.,

Defendants.

---

## REQUEST FOR ADMISSIONS

---

TO: DEFENDANT ENDRES PROCESSING LLC. AND THEIR COUNSEL OF RECORD,
James Harries, Faricy & Roen, 333 South Seventh Street, Suite 2320, Minneapolis
Minnesota, Defendants Lawrence Bohmbach Insurance Agency, Inc. and John P. Lewis
and their counsel of record Theodore J. Smetak, Arthur Chapman Kettering Smetak &
Pikala, 500 Young Quinlan building, 81 South 9th Street, Minneapolis Minnesota and
George Vogel, Vogel & Gorman PLC, PO Box 39, Fourth Street & East Avenue, Red
Wing, Minnesota.

PLEASE TAKE NOTICE, that Plaintiff by and through its undersigned attorneys, request

that you respond to the below Request for Admissions within thirty (30) days after the date of

service hereof. Said Requests are made pursuant to Rule 36 of the Federal Rules of Civil

Procedure.

1. That Jennifer Bestul of John Peters and Associates Ltd. directed her report of

   February 12, 2002 (Bestul Exhibit #6 dated December 29, 2003) to Robert J. Lentz

   who was at that time an attorney representing Endres Processing LLC.



2. That the documents marked as Exhibits 3, 4, 5, 6 7, 8 and 9, and stamped by Faricy & Roen as ENDRWP 00874 to 01147 are documents produced by American Family Insurance Company pursuant to a subpoena duces tecum issued by counsel for Endres Processing LLC dated November 11, 2003 and were produced at the deposition of Gloria Radtke of American Family Insurance Company at a deposition in the case entitled Endres Processing LLC vs. Lawrence Bohmbach Insurance Agency, Inc. et al. State of Minnesota, County of Dakota, Court File No. 19 C2 02 10613 (the "Underlying Case").

3. That if the proper party or parties were called to testify at the trial in the above-captioned matter, that party or parties would testify to the proper evidentiary foundation so as to render these documents admissible into evidence at the trial of the above-captioned matter.

4. That the authors of the documents described in Request for Admission No. 2 would testify at the trial in the above-captioned matter that he or she wrote the documents and that the witnesses' testimony would satisfy the evidentiary requirements of the Federal Rules of Evidence.

5. That deposition Exhibit 6 dated June 29, 2004 is a deposition exhibit in the depositions taken in the above caption matter and meets the evidentiary requirements of Federal Rule of Evidence 803 (8).

6.     That deposition Exhibit 7 dated June 29, 2004 is a deposition exhibit in the depositions taken in the above caption matter and meets the evidentiary requirements of Federal Rule of Evidence 803 (8).

7.     That deposition Exhibit 10 dated June 29, 2004 is a deposition exhibit in the depositions taken in the above caption matter and meets the evidentiary requirements of Federal Rule of Evidence 803 (8).

8.     That deposition Exhibit 11 dated June 29, 2004 is a deposition exhibit in the depositions taken in the above caption matter and meets the evidentiary requirements of Federal Rule of Evidence 803 (8).

9.     That deposition Exhibit 12 dated June 29, 2004 is a deposition exhibit in the depositions taken in the above caption matter and meets the evidentiary requirements of Federal Rule of Evidence 803 (8).

10.     That deposition Exhibit 13 dated June 29, 2004 is a deposition exhibit in the depositions taken in the above caption matter and meets the evidentiary requirements of Federal Rule of Evidence 803 (8).

11.     That deposition Exhibit 16 dated June 29, 2004 is a deposition exhibit in the depositions taken in the above caption matter and meets the evidentiary requirements of Federal Rule of Evidence 803 (8).

12.  That deposition Exhibit 17 dated June 29, 2004 is a deposition exhibit in the depositions taken in the above caption matter and meets the evidentiary requirements of Federal Rule of Evidence 803 (8).

13.  That deposition Exhibit 19 dated June 29, 2004 is a deposition exhibit in the depositions taken in the above caption matter and meets the evidentiary requirements of Federal Rule of Evidence 803 (8).

14.  That deposition Exhibit 20 dated June 29, 2004 is a deposition exhibit in the depositions taken in the above caption matter and meets the evidentiary requirements of Federal Rule of Evidence 803 (8).

15.  That deposition Exhibit 21 dated June 29, 2004 is a deposition exhibit in the depositions taken in the above caption matter and meets the evidentiary requirements of Federal Rule of Evidence 803 (8).

16.  That deposition Exhibit 23 dated June 29, 2004 is a deposition exhibit in the depositions taken in the above caption matter and meets the evidentiary requirements of Federal Rule of Evidence 803 (8).

17.  That if the proper party or parties were called to testify at the trial in the above-captioned matter, he or she would testify that the attached documents are contained in

the licensing file applicable to John P. Lewis, a defendant in this action and that he or she would provide testimony such that the evidentiary requirements of Federal Rule of Evidence 803 (8) are met;

1. Docket intake form from the Iowa Insurance Division;

2. "Checks received" document of March 10, 2000;

3. January 31, 2000 letter of John L. Leonhart of the Iowa Insurance Division for uniform application for individual non-residence license completed by John P. Lewis;

4. January 24, 2000 unsigned letter of John P. Lewis to the Iowa Insurance Division;

5. Licensing section *reject letter of the Iowa Insurance Division; and

18. That the October 4, 1996 letter of Greg A. Wiese, Senior Commerce Investigator, Enforcement Division, State of Minnesota, Department of Commerce, a copy of which is attached to this Request for Admissions, meets the evidentiary requirements of Federal Rule of Evidence 803 (8);

19. That if the proper party were called to testify from the State of Minnesota Department of Commerce, he or she would testify that the May 8, 1996 Order and Consent to Order from the Iowa Insurance Division in the matter of the conduct of insurance agent of John P. Lewis (Deposition Exhibit 6) was a substantial reason for the position that the State of Minnesota Department of Commerce took in its October 4, 1996 letter to John P. Lewis;

20. That the NAIC Midwest Zone Standard Letter of Clearance dated May 31, 1996 from the Iowa Insurance Division to the State of Minnesota (Deposition Exhibit 17) was a

substantial reason for the position of the State of Minnesota Department of

Commerce as set forth in its October 4, 1996 letter to John P. Lewis;

By these Requests for Admissions, Plaintiff Westport Insurance Corporation notifies the

Defendants of the Plaintiff's intent to offer the documents described in these Requests for

Admissions into evidence at trial pursuant to Federal Rule of Evidence 807.

Dated: 1/27/05

Rolf E. Sonnesyn (#131027 - Minnesota)
Bryan B. Carroll (#302399)
Tomsche, Sonnesyn & Tomsche, P.A.
610 Ottawa Avenue North
Minneapolis, Minnesota 55422
Telephone: (763) 521-4499
Fax: (763) 521-4482

ATTORNEYS FOR PLAINTIFF WESTPORT
INSURANCE COMPANY

## DOCKET IN-TAKE FORM

Docket type  _AGENT_  (V)   Docket No.  _8965_  (V)

File No.  _96-020_  (V)   Certified No.  _P57394_

NAME  _John P Lewis_  (V)

SSN  _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_

Fine  _____

Costs  _____

Hearing Date  _4/15/96_  (V)

Date Sent  _3/21/96_

OUTCOME:  _License revoked & shall never_
_apply again to sell insurance in Iowa._

Iowa Co. Code  _____

NAIC Co. Code  _____

Amount Paid  _____

NAIC Date  _5-9-96_

Date of Order  _5/08/96_

OUTCOME: Decision  (Consent)  Dismissed  Rescinded

DATE APPEALED:  _____

APPEAL OUTCOME: Upheld  Reversed

DATE JUDICIAL REVIEW:  _____

JUDICIAL REVIEW OUTCOME:  Upheld  Reversed  Remanded

INSTRUCTIONS:

Person reviewing the paper file should fill in appropriate boxes.

The "outcome" section should be descriptive; i.e. "consent to C&D; $5000 fine". In other outcome sections, the appropriate outcome should be CIRCLED.

Allegations: ascertain what they were and check all those that are applicable.

Person inputting data should VERIFY the information that is marked with a "V"; correct if necessary. Input other information.

| ALLEGATIONS: | | (Check all those appropriate) |
|---|---|---|
| ✗ | AA | Misappropriation |
| | BA | Misrepresentation |
| | AB | Continuing education |
| | BB | Unlicensed activity |
| | AC | Replacement violation |
| | BC | Advertising violation |
| | AD | Duplication of med supp |
| | BD | Action/other state |
| | AE | Application disclosures |
| | BE | Rebating |
| | AF | Bad check |
| | BF | Violation of prev. order |
| | AG | Felony conviction |
| | BG | Unfair claim settlement |
| | AH | Misconduct |
| | BH | Failure to respond |
| | AI | No company appt. |
| | BI | Misc. unfair trade pract. |
| | AE | Bad address |
| | CA | Financial condition |
| | TP | TPA application denied |
| | CB | Policy approval/denied |
| | SL | Sec. license expired |
| | CC | Failure to timely file |

# Checks Received: (no attachments)

Date: _____3-10-00_____

_____  Previous Order/Consent
        4037  Docket Number

__X__  Informal Settlement

Producer/Company _____John Lewis_____
      SSN:      ___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___

Fee Received:  Fine: _____
            Costs: ___500⁰⁰___
        one year unsupervised probation
Date Processed: _____3-10-00_____

Please return a copy of this form and the
check for work file.



STATE OF

# IOWA


THOMAS J. VILSACK
GOVERNOR

SALLY J. PEDERSON
LT. GOVERNOR

January 31, 2000

John R. Lewis
1355 West 12Th Street
Hastings, MN 55033

Dear Mr. Lewis:

This letter is in response to your application to our Division for a non-resident Iowa insurance providers license.

Our Division would be willing to approve your application if you would agree to a one (1) year period of unsupervised probation and our administrative costs of $500.00. If this is satisfactory to you, please send a letter to this effect along with a check made payable to the Iowa Division of Insurance. Please contact our Division if you have any questions regarding this letter.

Thank you for your cooperation and attention to this letter.

Sincerely,

John L. Leonhart
Attorney
Consumer Affairs

# Uniform Application for
# Individual Non-Resident License

(Please Print or Type)

RECEIVED
JAN 27 2000
COMMISSIONER OF INSURANCE
INSURANCE DIVISION OF IOWA

RECEIVED
JAN 27 2000
COMMISSIONER OF INSURANCE
INSURANCE DIVISION OF IOWA

4/D 5-31-96

2-3-00 OK

| (1) Soc. Security Number | | | |
|---|---|---|---|
| 474 - 48 - 1965 | | | |

| (2) Last Name | JR./SR. etc | (3) First Name | (4) Middle Name | (5) Date of Birth (month) 10 (day) 26 (year) 43 |
|---|---|---|---|---|
| Lewis | | John | Paul | |

| (6) Residence/Home Address (Physical Street) | (7) P.O. Box | (8) City | (9) State | (10) Zip |
|---|---|---|---|---|
| 1355 West 12th St | | Hastings | Mn. | 55033 |

| (11) Home Phone Number | (12) Gender (Circle One) | (13) Are you a Citizen of the United States? (Check One) |
|---|---|---|
| (651)480 8741 | Male Female | Yes ☒  No ☐ (If No, of which country are you a citizen?) (If No, you must supply work authorization) |

| (14) Business Name |
|---|
| Lawrence · Bohmbach Insurance Agency |

| (15) Business Address (Physical Street) Suite #1 | (16) P.O. Box | (17) City | (18) State | (19) Zip |
|---|---|---|---|---|
| 1317 So. Frontage Rd | | Hastings | Mn, | 55083 |

| (20) Business Phone Number | (21) Business Fax Number | (22) Business E-Mail Address | (23) Business Web Site Address |
|---|---|---|---|
| (651)437-1955 | (651)437-6732 | | |

| (24) Mailing Address | (25) P.O. Box | (26) City | (27) State | (28) Zip |
|---|---|---|---|---|
| Same | | | | |

(29) Assumed Business Name/Trade Name (See Matrix of State Requirements)

## Agency or Business Entity Affiliations

(30) List your Insurance Agency Affiliations: (Complete only if the applicant is to be licensed as an active member of the business entity)

| | | |
|---|---|---|
| Fein # 41-0983686 | Name of Agency | Lawrence Bohmbach Agency, Inc |
| Fein # | Name of Agency | |
| Fein # | Name of Agency RECEIVED | |
| Fein # | Name of Agency | |

## Employment History

(31) Account for all time for the past five years. Give all employment experience starting with your previous employer working back five years. Include full and part-time work, self-employment, military service, unemployment and full-time education.

| | | | From | | To | | Position Held |
|---|---|---|---|---|---|---|---|
| | | | Month | Year | Month | Year | |
| Name | Lawrence · Bohmbach Agency, Inc | | 5 | 96 | Present | | Agent |
| City | Hastings | State Mn | | | | | |
| Name | American Family | | 5 | 89 | 3 | 96 | Agent |
| City | Dubuque | State IA | | | | | |
| Name | | | | | | | |
| City | | State | | | | | |
| Name | | | | | | | |
| City | | State | | | | | |
| Name | | | | | | | |
| City | | State | | | | | |

6, 7, 16, 17

PDB
OK JN
2-3-00

IRS
OK JN
2-3-00

(State Use)
180 00

This application applies to licenses issued for the admitted market only

Page 1 of 4

1/13/99



# NAIC

## Jurisdiction and Type of License Requested

(22) Next to each jurisdiction, check the license type(s) and line(s) of authority for which you are applying. Check the last column if you have been previously licensed in the jurisdiction to which you are applying:

License Types: A Agent    B Broker    P Producer

Lines of Authority: L Life    H Accident & Health or Sickness    P Property    C Casualty    V Variable Life/Variable Annuity

| License Types | | Jurisdiction | L | H | P | C | V | Previously Licensed |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | X | | X | X | X | X | | ☒Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| * | * | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |
| | | | | | | | | ☐Yes |

* See Matrix of State Requirements



## Background Information

(33) The Applicant must read the following very carefully and answer every question:

1. Have you ever been convicted of, or are you currently charged with, committing a crime, whether or not adjudication was withheld?  Yes___ No X

"Crime" includes a misdemeanor, felony or a military offense. You may exclude misdemeanor traffic citations and juvenile offenses. "Convicted" includes, but is not limited to; having been found guilty by verdict of a judge or jury, having entered a plea of guilty or nolo contendre, or having been given probation, a suspended sentence or a fine.

If you answer yes, you must attach to this application:
    a)  a written statement explaining the circumstances of each incident,
    b)  a copy of the charging document, and
    c)  a copy of the official document which demonstrates the resolution of the charges or any final judgment.

2. Have you or any business in which you are or were an owner, partner, officer or director ever been involved in an administrative proceeding  Yes X No___
regarding any professional or occupational license?

"Involved" means having a license censured, suspended, revoked, canceled, terminated; or, being assessed a fine, placed on probation or surrendering a license to resolve an administrative action. "Involved" also means being named as a party to an administrative or arbitration proceeding which is related to a professional or occupational license. "Involved" also means having a license application denied or the act of withdrawing an application to avoid a denial. You may exclude terminations due solely to noncompliance with continuing education requirements or failure to pay a renewal fee.

If you answer yes, you must attach to this application:
    a)  a written statement identifying the type of license and explaining the circumstances of each incident,
    b)  a copy of the Notice of Hearing or other document that states the charges and allegations, and
    c)  a copy of the official document which demonstrates the resolution of the charges or any final judgment.

3. Has any demand been made or judgment rendered against you for overdue monies by an insurer, insured or producer, or have you ever been  Yes___ No X
subject to a bankruptcy proceeding?

If you answer yes, submit a statement summarizing the details of the indebtedness and arrangements for repayment, and/or type and location of bankruptcy.

4. Have you been notified by any jurisdiction to which you are applying of any delinquent tax obligation that is not the subject  Yes___ No X
of a repayment agreement?
If you answer yes, identify the jurisdiction(s): _____

5. Are you currently a party to, or have you ever been found liable in, any lawsuit or arbitration proceeding involving allegations of fraud,  Yes___ No X
misappropriation or conversion of funds, misrepresentation or breach of fiduciary duty?

If you answer yes, you must attach to this application:
    a)  a written statement summarizing the details of each incident,
    b)  a copy of the Petition, Complaint or other document that commenced the lawsuit or arbitration, and
    c)  a copy of the official document which demonstrates the resolution of the charges or any final judgment.

6. Have you or any business in which you are or were an owner, partner, officer or director ever had an insurance agency contract or any other  Yes___ No X
business relationship with an insurance company terminated for any alleged misconduct?

If you answer yes, you must attach to this application:
    a)  a written statement summarizing the details of each incident and explaining why you feel this incident should not prevent you
       from receiving an insurance license, and
    b)  copies of all relevant documents.

7. Do you have a child support obligation in arrearage?  Yes___ No X

If you answer yes to Question 7, by how many months are you in arrearage? _____ Months

8. Are you the subject of a child support related subpoena or warrant?  Yes___ No X



# NAIC

## Applicants Certification and Attestation

**34** The Applicant must read the following very carefully:

1. I hereby certify that, under penalty of perjury, all of the information submitted in this application and attachments is true and complete. I am aware that submitting false information or omitting pertinent or material information in connection with this application is grounds for license revocation or denial of the license and may subject me to civil or criminal penalties.

2. Where required by law, I hereby designate the Commissioner, Director or Superintendent of Insurance, or other appropriate party in each jurisdiction for which this application is made to be my agent for service of process regarding all insurance matters in the respective jurisdiction and agree that service upon the Commissioner, Director or Superintendent of Insurance, or other appropriate party of that jurisdiction is of the same legal force and validity as personal service upon myself.

3. I further certify that I grant permission to the Commissioner, Director or Superintendent of Insurance, or other appropriate party in each jurisdiction for which this application is made to verify information with any federal, state or local government agency, current or former employer, or insurance company.

4. I further certify that, under penalty of perjury, either a) I have no child-support obligation, or b) I have a child-support obligation and I am currently in compliance with that obligation.

5. I authorize the jurisdiction to give any information concerning me, as permitted by law, to any federal, state or municipal agency, or any other organization and I release the jurisdiction and any person acting on their behalf from any and all liability of whatever nature by reason of furnishing such information.

6. I acknowledge that I am familiar with the insurance laws and regulations of the jurisdictions to which I am applying for licensure.

| 1 / 24 / 00 | |
|---|---|
| Month   Day   Year | Original Applicant Signature |

John P. Lewis
Full Legal Name (Printed or Typed)

## Notary

**35** Complete this section only if you are applying for licensure in one or more of the required states: [See *Matrix of State Requirements*]

SUBSCRIBED AND SWORN TO BEFORE METHIS

24th DAY OF January, 2000

*Faye Riedner*
NOTARY PUBLIC

1-31-05
COMMISSION EXPIRES

FAYE RIEDNER
(SEAL)

FAYE A. RIEDNER
NOTARY PUBLIC-MINNESOTA
MY COMMISSION EXPIRES 1-31-2005

## Attachments

**36** The following attachments must accompany the application otherwise the application may be returned unprocessed or considered deficient.

1. Original Letter of Certification from your resident license jurisdiction dated within 90 days of application (copies of your resident license are not acceptable)

2. Any jurisdiction specific attachments listed in the Matrix of State Requirements

1/24/00

Iowa Department of Commerce
Insurance Division

I am applying for a non-resident license in the State of Iowa. When I
surrendered my Iowa resident license, I was ill advised in my decision
for the order and consent for Iowa. Shortly after leaving Iowa, I
applied for a Minnesota resident license. After explaining the facts to
the State of Minnesota I was granted a license. I have also been
licensed as a non-resident in the State of Wisconsin (February, 1999).
I did waive a hearing in Iowa and agreed not to re-apply to speed the
process along. My hope is that you will read the enclosed facts which
will show that I broke no laws and grant me a license. I needed to
continue my insurance career with a new agency in May 1996 to
support my family. The facts I stated to the Insurance Department of
Minnesota are enclosed.

Sincerely,

John P. Lewis

STATE OF

# IOWA

THOMAS J. VILSACK
GOVERNOR

SALLY J. PEDERSON
LT. GOVERNOR

Therese M. Vaughan, Commissioner

INSURANCE DIVISION
IOWA DEPARTMENT OF COMMERCE

LICENSING SECTION * REJECT LETTER

Date: _2-25-00_                    Processed by: _Sharon_

Materials are being returned for the following reason(s):

RECEIVED

FEB 28 2000

LAWRENCE · BOHMBACH
AGENCY, INC.

_____ Our records reflect that you do not hold a valid Iowa license.

_____ A company cannot request a letter of clearance. The request must have the agent's signature and the Iowa license must be returned. The fee is $5.00.

_____ A request for a letter of certification must include a social security number, the state the letter is for, a self-addressed postage paid envelope, and the fee of $5.00 each.

_____ The incorrect fee was submitted. Please send $_____.

_____ The resident street address is required. A post office box will not be accepted unless it is a rural area. Iowa cannot accept a business address.

_____ Separate checks are required. Do Not commingle funds. Please send $_____ and $_____.

_____ The agent's signature is required on any change of name or address.

_____ A change of name requires court documentation and a personal statement.

_____ All license cancellations must be submitted with the agent's signature. To cancel your license, please sign this form and return the original license to the Iowa Insurance Division.

_____ A duplicate license fee is $10.00.

_____ You did not provide enough information for this office to determine what you need. Please be specific.

_✓_ Other: _See attached letter._
_____

NOTE: The Iowa Administrative Code requires that all agents report, in writing, a change of address or name within 30 days of the change. Failure to do so may result in administrative action being taken against your license.

STATE OF
# IOWA

THOMAS J. VILSACK
GOVERNOR

SALLY J. PEDERSON
LT. GOVERNOR

Therese M. Vaughan, Commissioner

INSURANCE DIVISION
IOWA DEPARTMENT OF COMMERCE

January 31, 2000

John R. Lewis
1355 West 12th Street
Hastings, MN 55033

Dear Mr. Lewis:

This letter is in response to your application to our Division for a non-resident Iowa insurance providers license.

Our Division would be willing to approve your application if you would agree to a one (1) year period of unsupervised probation and our administrative costs of $500.00. If this is satisfactory to you, please send a letter to this effect along with a check made payable to the Iowa Division of Insurance. Please contact our Division if you have any questions regarding this letter.

Thank you for your cooperation and attention to this letter.

Sincerely,

John L. Leonhart
Attorney
Consumer Affairs

IT IS HEREBY CERTIFIED THAT THIS IS A TRUE AND CORRECT
COPY OF AN INSTRUMENT ON FILE IN THE IOWA INSURANCE
DIVISION. IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY
HAND AND AFFIXED THE SEAL OF THE IOWA INSURANCE
DIVISION, AT DES MOINES, IOWA, THIS DATE

FEB 0 5 2004

BEFORE THE INSURANCE DIVISION
OF THE STATE OF IOWA

*Theresa M. Vaughan*
COMMISSIONER OF INSURANCE

IN THE MATTER OF          )
THE CONDUCT OF            )          ORDER AND
INSURANCE AGENT           )          CONSENT TO ORDER
JOHN P. LEWIS,            )
SSN: 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          )

The Commissioner of Insurance, having heard the allegations that John P. Lewis has
conducted business as an insurance agent in a manner which might cause his license to sell
insurance in the State of Iowa to be revoked or suspended, and the Commissioner having set
down the matter for hearing and notification of such hearing being by certified mail to John P.
Lewis and pursuant to Iowa Code Section 17A.10, the parties to this action agree to an informal
settlement of this matter with resultant waiver of the provisions found in Iowa Code Section
17A.16, such informal settlement including a waiver of the hearing and consent to the following
Order: that John P. Lewis agrees to surrender his license to sell insurance within this State and
further agrees never to reapply for a license to sell insurance.

### ORDER

It is therefore ordered that subject to John P. Lewis consenting herein to this Order, the
license of John P. Lewis to act as an insurance agent in the State of Iowa is terminated and John
P. Lewis shall not ever reapply to sell insurance in this State.

IOWA DIVISION OF INSURANCE:

*May 8, 1996*

*Martin H. Francis*
MARTIN H. FRANCIS
Administrative Law Judge

2

## CONSENT TO ORDER

I, John P. Lewis, hereby consent to the Order, and waive my right to a hearing in this matter, without admission as to the truth or falsity of the allegations made against me by the Insurance Division of Iowa.  I understand that in waiving my right to a hearing, I am waiving the right of confrontation and cross-examination of witnesses, production of evidence and of judicial review.

_5/1/96_
Date

_____
John P. Lewis

COMES NOW the Iowa Division of Insurance and states that the attached Order and Consent to Order has been negotiated, reviewed and approved by the undersigned.

Dated this _2nd_ day of _May_ , 1996.

IOWA DIVISION OF INSURANCE

_____
John L. Leonhart, Attorney

cc:  John P. Lewis               PI-28257
     14610 Seippel Rd.
     Dubuque, IA  52002

     John L. Leonhart, Attorney
     Iowa Insurance Division
     Lucas Bldg.
     LOCAL

BEFORE THE INSURANCE DIVISION

OF THE STATE OF IOWA

| | | |
|---|---|---|
| IN THE MATTER OF | * | |
| | * | |
| THE CONDUCT OF | * | NOTICE OF |
| | * | |
| JOHN P. LEWIS | * | HEARING |
| | * | |
| SSN: 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 | * | |

. YOU ARE HEREBY NOTIFIED that a hearing will be held before the
Commissioner of Insurance of the State of Iowa on the _15ᵗʰ_ day of
_April_____, 1996, at _2:00___ _P_.m. in the office of the Iowa
Division of Insurance at Des Moines, Iowa to determine whether you have been
engaged in this state in trade practices as defined by Chapter 507B, Code of
Iowa, 1995, as being unfair, deceptive and in violation of Chapter 507B, Code
of Iowa, 1995. You are also notified that said hearing will be to determine
whether you have been engaged in this state in activities which demonstrate a
lack of the requisite character and competency necessary to engage in business
of an insurance agent as contemplated in Chapter 522, Code of Iowa, 1995, for
the protection of the public interest. You are also notified that said
hearing will be to determine if there is good cause for the Commissioner to
suspend or revoke your agent's qualifications and license as provided for in
Chapter 507B, Code of Iowa, 1995. You are also notified that said hearing
shall be to determine if there is a good cause for the Commissioner to levy a
fine against you as provided in Chapter 507B, Code of. Iowa, 1995.

2

Informal settlements of contested cases are encouraged. If you wish to pursue this avenue you should contact the Iowa Division of Insurance.

YOU ARE FURTHER NOTIFIED that you shall have an opportunity to respond and present evidence by counsel at your own expense. You are also notified that you shall have the right to examine certain evidence before the date of hearing in accordance with discovery procedures applicable to civil actions. You are also notified that the Division may subpoena witnesses to testify against you and that agency subpoenas shall be issued to a party on request. You are also notified that any witness at the hearing, or any person whose testimony has been submitted in written form, if available, shall be subject to cross-examination by any party as necessary for a full and true disclosure of the facts. You are also notified that this hearing will be an oral proceeding open to the public and shall be recorded by mechanized means and will be transcribed at the request of any party with the expense of the transcription charged to the requesting party. You are also notified that, if you fail to appear, the Iowa Division of Insurance will proceed to hearing, produce evidence and argument and a final decision or order will be forthcoming.

YOU ARE FURTHER NOTIFIED that you are alleged to have violated Chapter 507B, Code of Iowa, 1995 as follows: ...  ....

1. That you are licensed as an insurance agent in the State of Iowa.

2. That you were appointed with American Family Insurance.

3. That American Family Insurance notified the Iowa Division of Insurance of numerous cases of premium mishandling involving you (see attached Exhibit A).

4. That you admitted that you received numerous payments from insureds that you did not submit to the company (see attached Exhibit B).

3

5. That you improperly and illegally converted these monies to your own personal use.

6. That the above actions indicate that you lack the requisite character and competency to act as an insurance agent in the State of Iowa and the commissioner may suspend or revoke your license for good cause after hearing pursuant to Section 522.3, Iowa Code (1995).

YOU ARE FURTHER NOTIFIED THAT, should the Commissioner of Insurance determine that the illegal acts or practices engaged by you demonstrate a predisposition on your part not to act in the public interest, the Commissioner may take such action as may be appropriate under the provisions of Chapter 507B and Chapter 522; Code of Iowa, 1995.

Dated this _2/st_ day of _March_____, 1996.

Therese M. Vaughan
Commissioner of Insurance

John L. Leonhart
Attorney

Copies to:

John P. Lewis
14610 Seippel Rd.
Dubuque, IA 52002

John L. Leonhart, Attorney
Iowa Division of Insurance
LOCAL



STATE OF

# IOWA

TERRY E. BRANSTAD, GOVERNOR

**INSURANCE DIVISION**
IOWA DEPARTMENT OF COMMERCE

John P. Lewis
14610 Seippel Rd.
Dubuque, IA  52002

Dear Mr. Lewis:

Please find enclosed both a Notice of Hearing and two copies of an Order and Consent to Order.  Both documents are self explanatory.

This Division fully intends to proceed to hearing on this matter, at which time we fully intend to urge the Administrative Law Judge to enter the maximum revocation and fine permissible under Iowa law with respect to such matters should we prevail at the hearing.

In the event you wish to forego that hearing and the potential consequences thereof, we have enclosed for your consideration the Order and Consent to Order.  If, after consideration, you choose to forego the hearing, kindly sign the Consent to Order at the bottom and return to this Division. In that event, the Commissioner of Insurance will sign the line above and, as you can see from the Order, your license to act as an insurance agent in the state of Iowa is revoked permanently.

With this letter, it is not my intent to either encourage or discourage you from signing the Consent to Order.  You may wish to consult with an attorney as to this matter.  In either event, be advised that the Division, if it is not in receipt of your Consent to Order within a reasonable time, fully intends to proceed to hearing as to the matter as scheduled.

Dated this _2/5ᵗ_ day of _March_ , 1996.

Yours very truly,

John L. Leonhart
Attorney

JLL/jw

Enclosures

BEFORE THE INSURANCE DIVISION

OF THE STATE OF IOWA

| | |
|---|---|
| IN THE MATTER OF | * |
| | * |
| THE CONDUCT OF | *  ORDER AND |
| | * |
| INSURANCE AGENT | *  CONSENT TO ORDER |
| | * |
| JOHN P. LEWIS | * |
| | * |
| SSN: 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 | * |

The Commissioner of Insurance, having heard the allegations that John P. Lewis has conducted business as an insurance agent in a manner which would cause his license to sell insurance in the State of Iowa to be revoked or suspended, and the Commissioner having set down the matter for hearing and notification of such hearing being by certified mail to John P. Lewis and pursuant to Iowa Code Section 17A.10, the parties to this action agree to an informal settlement of this matter with resultant waiver of the provisions found in Iowa Code Section 17A.16, such informal settlement including a waiver of the hearing and consent to the following Order.

ORDER

It is therefore ordered that subject to John P. Lewis consenting herein to this Order, the license of John P. Lewis to act as an insurance agent in the State of Iowa is revoked permanently and forevermore.

IOWA DIVISION OF INSURANCE

_____

MARTIN H. FRANCIS
Administrative Law Judge

2

## CONSENT TO ORDER

I, John P. Lewis, hereby consent to the Order, and waive my right to a hearing in this matter, without admission as to the truth or falsity of the allegations made against me by the Insurance Division of Iowa. I understand that in waiving my right to a hearing, I am waiving the right of confrontation and cross-examination of witnesses, production of evidence and of judicial review.

_____          _____
Date                                       John P. Lewis

COMES NOW the Iowa Division of Insurance and states that the attached Order and Consent to Order has been negotiated, reviewed and approved by the undersigned.

Dated this _____ day of _____, 1996.

IOWA DIVISION OF INSURANCE

_____
John L. Leonhart, Attorney

cc:  John P. Lewis
     14610 Seippel Rd.
     Dubuque, IA 52002

     John L. Leonhart, Attorney
     Iowa Insurance Division
     Lucas Bldg.
     LOCAL