UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 03-315(ADM/AJB)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | |
| v. | ) | GOVERNMENT'S PROPOSED |
| | ) | JURY INSTRUCTIONS |
| KENNETH GEORGE KRAFT, | ) | (WITNESS TAMPERING TRIAL) |
| | ) | |
| Defendant. | ) | |
| | ) | |

The United States of America, by and through its attorneys, Thomas B. Heffelfinger, United

States Attorney for the District of Minnesota, and William, H. Koch, Assistant United States

Attorney, hereby requests that the Court utilize the attached proposed instructions of law.

Respectfully submitted,

Dated: March 8, 2005    THOMAS B. HEFFELFINGER
United States Attorney

*s/William H. Koch*

BY: WILLIAM H. KOCH
Assistant U.S. Attorney
Attorney ID No. 22523X

BY: CATHERINE C. PISATURO
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
D.C. Bar No. 432239

INSTRUCTIONS PRIOR TO TRIAL

JURY INSTRUCTION NO.   1

Ladies and gentlemen:  I will take a few moments now to give you some initial instructions about this case and about your duties as jurors.  At the end of the trial I will give you further instructions.  I may also give you instructions during the trial.  Unless I specifically tell you otherwise, all such instructions - both those I give you now and those I give you later - are equally binding on you and must be followed.

This is a criminal case, brought against the defendant by the United States Government.  Defendant Kenneth Kraft is charged with two counts of tampering with a witness.

Those charges are set forth in what is called an indictment, [which reads as follows: (insert)] [which I will summarize as follows: (insert)].

You should understand that an indictment is simply an accusation.  It is not evidence of anything.  The defendant has pleaded not guilty, and is presumed to be innocent unless and until proved guilty beyond a reasonable doubt.

It will be your duty to decide from the evidence whether the defendant is guilty or not guilty of each of the crimes charged.  From the evidence, you will decide what the facts are.  You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life.  You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence.  You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict.  You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

Do not allow sympathy or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Finally, please remember that only this defendant, not anyone else, is on trial here, and that this defendant is on trial only for the crimes charged, not for anything else.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1.01 (2003); Indictment; 18 U.S.C. §§ 1512(b)(3) and (c)(2).

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, which the Government must prove beyond a reasonable doubt to make its case:

As to Count One, which charges the defendant with tampering with a witness, the elements are:

*One*, on or about January 29, 2004, the defendant corruptly;

*Two*, obstructed, influenced, or impeded any official proceeding, or attempted to do so.

The term "corruptly" means the defendant acted with improper or evil motive.

As to Count Two, which also charges the defendant with tampering with a witness, the elements are:

*One*, on or about January 29, 2004, the defendant did, or attempted to, knowingly corruptly persuade another person;

*Two*, the defendant did so with intent to hinder, delay, or prevent the communication to a law enforcement officer of the United States of information relating to the commission or possible commission of a Federal offense.

You should understand, however, that what I have just given you is only a preliminary outline.  At the end of the trial, I will give you  final instructions on these matters.  If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial must govern you.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, §§ 1.02, 5.06A, 6.18.1512; 18 U.S.C. §§ 1512(c)(2) and (b)(3).

JURY INSTRUCTION NO. _3_

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, any facts that have been stipulated – that is, formally agreed to by the parties, and any facts that have been judicially noticed – that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence. I shall list those things for you now:

1. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4. Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1.03 (2003).

JURY INSTRUCTION NO. _4_

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

[In deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe].

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1.05 (2003).

JURY INSTRUCTION NO. _5_

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read [play] back lengthy testimony.  You must pay close attention to the testimony as it is given.

[If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness.]

[When you leave at night, your notes will be secured and not read by anyone].

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1.06 (2003).

JURY INSTRUCTION NO.  6

During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1.07 (2003).

Finally, to insure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it [until the trial has ended and your verdict has been accepted by me]. If someone should try to talk to you about the case [during the trial], please report it to me.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case – you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side – even if it is simply to pass the time of day – an unwarranted and unnecessary suspicion about your fairness might be aroused.  If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you.

*Fifth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. In fact, until the trial is over I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any TV or radio newscasts at all. I do not know whether there might be any news reports of this case, but if there are you might inadvertently find yourself reading or listening to something before you could do anything about it.  If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over.  It is important for you to understand that this case must be decided by the evidence presented in the case and the instructions

I give you.

*Sixth*, do not do any research or make any investigation on your own about any matter involved in this case. By way of examples, that means you must not read from a dictionary or a text book or an encyclopedia or talk with a person you consider knowledgeable or go to the Internet for information about some issue in this case. In fairness, learn about this case from the evidence you receive here at the trial and apply it to the law as I give it to you.

*Seventh*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1.08 (2003).

10

JURY INSTRUCTION NO. _8_

The trial will proceed in the following manner:

The Government attorney will make an opening statement. [Next, defendant's attorney may, but do not have to, make an opening statement]. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The Government will then present its evidence, and counsel for defendant may cross-examine. [Following the Government's case, the defendant may, but does not have to, present evidence, testify or call other witnesses. If the defendant calls witnesses, the Government counsel may cross-examine them.]

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 1.09 (2003).

INSTRUCTIONS DURING TRIAL

JURY INSTRUCTION NO.  9

You are about to hear [have heard] a tape recording of a conversation.  This conversation was legally recorded, and you may consider the recording just like any other evidence.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2.05 (2003).

As you have [also] heard, there is a typewritten transcript of the tape recording I just mentioned] [you are about to hear].  That transcript also undertakes to identify the speakers engaged in the conversation.

You are permitted to have the transcript for the limited purpose of helping you follow the conversation as you listen to the tape recording, and also to help you keep track of the speakers.  The transcript, however, is not evidence.  The tape recording itself is the primary evidence of its own contents.

[You are specifically instructed that whether the transcript correctly or incorrectly reflects the conversation or the identity of the speakers is entirely for you to decide based upon what you have heard here about the preparation of the transcript, and upon you own examination of the transcript in relation to what you hear on the tape recording.  If you decide that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.]

Differences in meaning between what you hear in the recording and read in the transcript may be caused by such things as the inflection in a speaker's voice.  You should, therefore, rely on what you hear rather than what you read when there is a difference.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2.06 (2003).

# FINAL INSTRUCTIONS

JURY INSTRUCTION NO.   11

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect.  I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because *all* are important. [This is true even though some of those I gave you [at the beginning of] [during] trial are not repeated here.]

[The instructions I am about to give you now [as well as those I gave you earlier] are in writing and will be available to you in the jury room.] [I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.]

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.01 (2003).

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.02 (2003).

JURY INSTRUCTION NO.   13

I have mentioned the word "evidence."  The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, [the facts that have been stipulated--this is, formally agreed to by the parties,] [the facts that have been judicially noticed--this is, facts which I say you may, but are not required to, accept as true, even without evidence].

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I shall list those things again for you now:

l. Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.03 (2003).

JURY INSTRUCTION NO.  14

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

[In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.]

[You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.]

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.04 (2003).

JURY INSTRUCTION NO.  15

The indictment in this case charges the defendant with two crimes.  Under Counts One and Two, the Indictment charges that the defendant committed the crime of tampering with a witness. The defendant has pleaded not guilty to each of those charges.

As I told you at the beginning of trial, an indictment is simply an accusation. It is not evidence of anything. To the contrary, the defendant is presumed to be innocent. Thus the defendant, even though charged, begins the trial with no evidence against him. The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the Government proves, beyond a reasonable doubt, each essential element of the crimes charged.

Keep in mind that each count charges a separate crime.  You must consider each count separately, and return a separate verdict for each count.

[There is no burden upon a defendant to prove that he is innocent.] [Accordingly, the fact that a defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.]

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.06 (2003).

JURY INSTRUCTION NO.  16

A reasonable doubt is a doubt based upon reason and common sense, and not the mere possibility of innocence. A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it. However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.11 (2003).

The crime of tampering with a witness, as charged in Count One of the Indictment, has two essential elements, which are:

*One*, on or about January 29, 2004, the defendant corruptly;

*Two*, obstructed, influenced, or impeded any official proceeding, or attempted to do so.

The term "corruptly" means the defendant acted with improper or evil motive.

The term "official proceeding" includes a proceeding before a judge or court of the United States. You are instructed that, at the time of this alleged offense, an official proceeding involving the defendant was pending before a judge of the United States.

Further, you are instructed that success is not a prerequisite to conviction under this section.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 6.18.1512 (2003); 18 U.S.C. §§ 1512(c)(2), 1515(a)(1)(definition of "official proceeding", modified); United States v. Frank, 354 F.3d 910, 922 (8th Cir. 2004) (definition of "corruptly" under §1503).

JURY INSTRUCTION NO. 18

The crime of tampering with a witness, as charged in Count Two of the Indictment, has two essential elements, which are:

*One*, on or about January 29, 2004, the defendant did, or attempted to, knowingly corruptly persuade or engage in misleading conduct toward Robert Sawmiller;

*Two*, the defendant did so with intent to hinder, delay, or prevent the communication to a law enforcement officer of the United States of information relating to the commission or possible commission of a Federal offense.

The term "corruptly" means the defendant acted with improper or evil purpose.

The term "corruptly persuade" includes attempting to persuade someone to provide false information to federal investigators.

The term "law enforcement officer" means an officer or employee of the Federal Government, authorized under law to engage in or supervise the prevention, detection, investigation, or prosecution of an offense – it includes Special Agents of the United States Department of Agriculture Office of Inspector General.

Success is not a prerequisite to conviction for this crime. All that must be proved is that the defendant intended to corruptly persuade Mr. Sawmiller.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, §6.18.1512 (2003) (modified); 18 U.S.C. §§1512(b)(3), 1515(a)(4) (definition of "law enforcement officer," modified), 1515(b) (definition for "corruptly" under § 1505, modified); United States v. Frank, 354 F.3d 910, 922 (8th Cir. 2004) (definition of "corruptly" under §1503); United States v. Pennington, 168 F.3d 1060, 1006 (8th Cir. 1999), quoting, United States v. Farrell, 126 F.3d 484, 488 (3d Cir. 1997) (definition of "corruptly persuades").

JURY INSTRUCTION NO.  19

You are informed that the making of a false record pertaining to wildlife transported in interstate commerce is a federal offense; as is knowingly, voluntarily, and intentionally making a false or fraudulent material statement or representation in a matter within the jurisdiction of a governmental agency.

16 U.S.C. §3372(d) (false labeling); Manual of Model Criminal Jury Instructions for the Eighth Circuit, §6.18.1001 (2003).

JURY INSTRUCTION NO. 20

The crimes charged in Counts One and Two of the indictment include the attempt to tamper with a witness.  A person may be found guilty of an attempt if he intended to tamper with the witness and voluntarily and intentionally carried out some act which was a substantial step toward that witness tampering.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, §8.01 (2003) (modified).

Intent or knowledge may be proved like anything else.  You may consider any statements made and acts done by a defendant, and all the facts and circumstances in evidence which may aid in a determination of that defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

Manual of Model Criminal Jury Instructions for the Eight Circuit, § 7.05 (2003).

[You have heard testimony that the defendant made a statement to Special Agent O'Connor [and Special Agent Carlson].  It is for you to decide:

First, whether the defendant made the statement and

Second, if so, how much weight you should give to it.

In making these two decisions you should consider all of the evidence, including the circumstances under which the statement may have been made.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2.07 (2003).

You have heard a certain category of evidence called ["other acts"] ["similar acts"] evidence.  Here, that evidence is that the defendant made false statements to federal law enforcement officers during the search warrant.  You may not use this ["other acts"] ["similar acts"] evidence to decide whether the defendant carried out the acts involved in the crimes charged in the indictment.  In order to consider ["other acts"] ["similar acts"] evidence at all, you must first unanimously find beyond a reasonable doubt, based on the rest of the evidence introduced, that the defendant carried out the acts involved in the crimes charged in the indictment.  If you make that finding, then you may consider the ["other acts"] ["similar acts"] evidence to decide motive, intent, or absence of mistake or accident.  ["Other acts"] ["Similar acts"] evidence must be proven by a preponderance of the evidence; that is, you must find that the evidence is more likely true than not true.  This is a lower standard than proof beyond a reasonable doubt.  If you find that this evidence is proven by a preponderance of the evidence, you should give it the weight and value you believe it is entitled to receive.  If you find that it is not proven by a preponderance of the evidence, then you shall disregard such evidence.

[Remember, even if you find that the defendant may have committed [a] similar [act] [acts] in the past, this is not evidence that [he] [she] committed such an act in this case.  You may not convict a person simply because you believe [he] [she] may have committed similar acts in the past.  The defendant is on trial only for the crime[s] charged, and you may consider the evidence of prior acts only on the issue of motive, intent, or absence of mistake or accident.]

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2.08 (2003).

JURY INSTRUCTION NO. 24

You have heard tapes of conversations with defendant recorded by federal agents who taped the conversation with the permission of one of the participants of the conversation. This conversation was legally recorded, and you may consider the recording just like any other evidence. It is lawful for a federal agent to make a recording of a conversation or communication where one of the parties has given his prior consent to make the recording. All parties to the conversation do not have to consent.

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 2.05 (2003); 18 U.S.C. § 2511(2)(c); United States v. Horr, 963, F.2d 1124 (8th Cir.) (under 18 U.S.C. § 2511, law enforcement may intercept and record wire, oral or electronic communications where one of the parties to the communication has given consent to the interception), cert. denied, 506 U.S. 848 (1992).

JURY INSTRUCTION NO. 25

You will note the indictment uses the phrase "on or about" in referring to certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that an offense or act was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense or act was committed precisely on the date charged.

1 Devitt, Blackmar, Wolff & O'Malley, Federal Jury Practice and Instructions 393, § 13.05 (4th ed. 1992) ["On or about" -- Explained] (Modified).

JURY INSTRUCTION NO. 26

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I shall list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict--whether guilty or not guilty--must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if a defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the Government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone-- including me--how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict whether guilty or not guilty must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be--that is entirely

for you to decide.

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. [The form reads: (read form)]. You will take this form to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

[If more than one form was furnished, you will bring the unused forms in with you.]

Manual of Model Criminal Jury Instructions for the Eighth Circuit, § 3.12 (2003).