UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Twin City Pipe Trades Service Association, Inc., a Minnesota non-profit corporation,<br><br>                      Plaintiff,<br><br>v.<br><br>Commercial Plumbing& Heating, Inc.,<br><br>                      Defendant. | Case No.  04-CV-3761  JMR/FLN<br><br><br>**AFFIDAVIT OF**<br><br>**BENJAMIN R. SKJOLD** |

STATE OF MINNESOTA    )
                                     ) ss.
COUNTY OF HENNEPIN    )

      Benjamin R. Skjold, being first duly down on oath, states and alleges as follows:

      1.      The undersigned is an attorney with law firm of Hellmuth & Johnson, PLLC.

      2.      The undersigned represents Defendant Commercial Plumbing & Heating, Inc. in the above-captioned matter.

      3.      Attached hereto as Exhibit A is a true and correct copy of Defendant's Answer that it seeks permission from the Court to serve and file in the above-captioned matter.

      YOUR AFFIANT SAYETH FURTHER NAUGHT.

                                                                  s/ Benjamin R. Skjold
                                                                     Benjamin R. Skjold

Subscribed and sworn to before me
this 18th day of March, 2005.

   s/ Vicki L. Hagerty
            Notary Public

s:\cph\-0015\pldg\av skjold, benjamin

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Twin City Pipe Trades Service Association, Inc., a Minnesota non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>Commercial Plumbing& Heating, Inc.,<br><br>Defendant. | Case No. 04-CV-3761 JMR/FLN<br><br><br><br>**ANSWER** |

NOW COMES Defendant Commercial Plumbing & Heating, Inc. ("Commercial"), by and through its Counsel, Benjamin R. Skjold, Esq. of the law firm of Hellmuth & Johnson, PLLC, and submits the following as its Answer to Plaintiff's Complaint, in support thereof states and alleges the following:

**GENERAL DENIAL**

Except as hereinafter expressly admitted or qualified, the Defendant denies each and every allegation of Plaintiff's Complaint.

**ANSWER**

1. Commercial is without sufficient knowledge of the requisite facts to admit or deny the allegations contained in Paragraph 1 of the Complaint and as such having the effect of a denial pursuant to Fed. R. Civ. Proc. 8(b).

2. Commercial is without sufficient knowledge of the requisite facts to admit or deny the allegations contained in Paragraph 2 of the Complaint and as such having the effect of a denial pursuant to Fed. R. Civ. Proc. 8(b).

**EXHIBIT A**

3. Commercial admits the allegations contained in Paragraph 3 of the Complaint.

4. Commercial admits the allegations contained in Paragraph 4 of the Complaint.

5. Commercial admits the allegations contained in Paragraph 5 of the Complaint.

6. Commercial admits the allegations contained in Paragraph 6 of the Complaint.

7. Commercial admits the allegations contained in Paragraph 7 of the Complaint.

8. Commercial is without sufficient knowledge of the requisite facts to admit or deny the allegations contained in Paragraph 8 of the Complaint and as such having the effect of a denial pursuant to Fed. R. Civ. Proc. 8(b).

9. Commercial admits the allegations contained in Paragraph 9 of the Complaint.

10. Commercial denies the allegation contained in Paragraph 10 that the trust agreements through which the employee benefit plans are maintained require employer contributions to be made by the 15th of the month from which the covered employee worked. Commercial admits that payments due but not received by the 15th of the month are considered delinquent. Commercial denies the remaining allegations of Paragraph 10 and affirmatively states that the contract speaks for itself. Commercial denies that these claimed liquidated damages are proper under the law and states that they are illegal penalties.

11. Commercial denies the allegations in Paragraph 11 of the Complaint and affirmatively states that the contract speaks for itself.

12. Commercial admits the allegations in Paragraph 12 of the Complaint.

13. Commercial denies the allegations in Paragraph 13 of the Complaint.

14. Commercial admits the allegations contained in Paragraph 14 of the Complaint in that Plaintiff is a fiduciary with respect to the employee benefit plans it administers and is authorized to sue, pursuant to 29 U.S. C. §1132, for an employer's failure to make payments as

required to the employee benefit plans. Commercial denies the remaining allegations of Paragraph 14.

15. Commercial admits the allegations in Paragraph 15 of the Complaint.

16. Commercial admits the allegations in Paragraph 16 of the Complaint in that Commercial was technically late making some payments , but not by the substantial time periods as alluded to by Plaintiff in Paragraph 16 of the Complaint.

17. Commercial is without knowledge of the requisite facts to admit or deny the allegations contained in Paragraph 17 of the Complaint and as such having the effect of a denial pursuant to Fed. R. Civ. Proc. 8(b).

18. Commercial denies the allegations in Paragraph 18 of the Complaint.

19. Commercial denies the allegations in Paragraph 19 of the Complaint and affirmatively states that Commercial has made the required payments and Plaintiff has suffered no harm while the timing of the payments may be disputed and any resulting damages related thereto.

## AFFIRMATIVE DEFENSES

20. Plaintiff has failed to state a claim upon which relief can be granted.

21. Plaintiff's claims are barred under the doctrines of estoppel and waiver.

22. Plaintiff has not suffered any legally cognizable damages to support its claim for liquidated damages.

**WHEREFORE,** Defendant Commercial Plumbing & Heating, Inc. prays for relief as follows in response to Plaintiff's Complaint:

1. Plaintiff's Complaint be dismissed on its merits and with prejudice and whatever other such relief this Court deems appropriate under the facts and law of this jurisdiction.

2. Defendant Commercial Plumbing & Heating, Inc. will be awarded attorneys' fees and costs associated with defending this matter.

HELLMUTH & JOHNSON, PLLC

Dated: _____, 2005.

Benjamin R. Skjold (#292217)
10400 Viking Drive, Suite 500
Eden Prairie, MN 55344
(952) 941-4005

Attorney for Defendant Commercial Plumbing & Heating, Inc.