# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| ROBERT ALEXANDER, <br> a citizen of Nevada, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES F. BOND, a citizen of Minnesota, <br> and COKeM INTERNATIONAL, LTD., <br> a Minnesota corporation, <br><br> Defendants. | Case No.: 04-1323 PAM/RLE <br><br> **AFFIDAVIT OF JASON A. LIEN** |

STATE OF MINNESOTA )
                             ) ss.
COUNTY OF HENNEPIN )

Jason A. Lien, having been duly sworn, states as follows:

1. I am an attorney with Maslon Edelman Borman & Brand, LLP, and one of the counsel for Defendants in the above-referenced matter. I make this affidavit in support of Defendants' Motion for Sanctions and to Compel Deposition.

2. After Defendants served their first set of written interrogatories and document requests on December 1, 2004, Defendants noticed Mr. Alexander's deposition for January 18, 2005 in Minneapolis, Minnesota. Attached hereto as Exhibit 1 is a true and correct copy of the January 18, 2005 deposition notice.

3. On December 20, 2004, one of Mr. Alexander's counsel, David Layden, informed me that Mr. Alexander was undergoing surgery, and would require additional time to respond to the written discovery requests and to reschedule the deposition. In light of counsel's representations concerning Mr. Alexander's medical condition, Defendants agreed to grant more

time to respond to their discovery and to reschedule the deposition. Defendants then served an amended notice of Mr. Alexander's deposition for March 22, 2005, which is attached hereto as Exhibit 2.

4. On February 4, 2005, Mr. Layden called me to inform me that Mr. Alexander had been diagnosed with cancer and would be undergoing radiation treatment during the next 16 weeks. Mr. Layden did not ask to reschedule the March 22 deposition during our conversation, but said he would keep me updated on the progression of Mr. Alexander's treatment.

5. On March 9, 2005, the Court denied a stipulation to extend the Pretrial Schedule in the case because "[n]o whit of good cause" was offered in support of the requested extensions. Attached hereto as Exhibit 3 is a true and correct copy of the March 9 Order. That same day, Mr. Layden called to inform me that Mr. Alexander would not be attending the deposition in Minneapolis on March 22, 2005 because he was undergoing radiation treatment and was on doctor's orders not to leave Las Vegas during the treatment. Mr. Layden also offered to produce Mr. Alexander for a deposition in Las Vegas on April 13, 2005.

6. During our March 9, 2005 telephone conversation, I informed Mr. Layden that my clients would not agree to either further delay Mr. Alexander's deposition in light of the Court's March 9, 2005 Order expressing concerns over the progression of discovery in this case or change its location because Mr. Alexander commenced this lawsuit in Minnesota. I also inquired whether Mr. Layden could provide written proof from a physician or health care provider of Mr. Alexander's medical condition and no-travel orders, and whether Mr. Alexander would reimburse Defendants and counsel for traveling to Las Vegas to take Mr. Alexander's deposition. Mr. Layden informed me that his client would not pay for Defendants' travel expenses. In addition, I informed Mr. Layden that Defendants would not participate in any

motion to extend the Pretrial Schedule, and that Mr. Alexander was free to submit his own motion and present evidence of his medical condition to establish the "good cause" referred in the Court's March 9 Order if he wished to seek to modify the Pretrial Schedule.

7. On March 15, 2005, Stacy Lynn Bettison, one of Mr. Alexander's other counsel, submitted a letter to the Court requesting a modification of the Pretrial Schedule. Attached hereto as Exhibit 4 is a true and correct copy of that letter. The letter explains that in early February 2005 Mr. Alexander was directed to undergo daily radiation for a period of 8-12 weeks and ordered by his physician not to travel during the radiation treatment. In addition, counsel for Mr. Alexander stated that:

> Mr. Alexander is now commencing the radiation treatments, and does not expect to finish them until early June 2005. Because of his doctor's no-travel restriction, he must complete the course of radiation in Las Vegas, Nevada, where he resides. Mr. Alexander has endeavored to cooperate with discovery in this case, but his medical condition, the pain associated with it, and the need for further treatment have made it virtually impossible for him to do so for the last several months and will impede his ability to do so over the next three months.

8. Counsel also attached a March 14, 2005 Declaration from Mr. Alexander to her March 15, 2005 letter, which is attached hereto as Exhibit 5. In his Declaration, Mr. Alexander declared under penalty of perjury that:

> 3. Dr. Eckardt has directed me to undergo daily radiation treatments (5 times per week) for a period of 8 to 12 weeks, and not to travel during this period.
>
> 4. Following the surgery, I was unable to walk for approximately one and half-months.
>
> 5. I am commencing the radiation treatments now, and do not expect to finish them until at least the first week of June 2005. I have endeavored to fully cooperate with discovery in this lawsuit, but the surgery, the related pain, and the need for further treatment have made it difficult to do so.

No documentation from a physician or health care provider was submitted by counsel or Mr. Alexander to support the allegations concerning Mr. Alexander's medical condition, radiation treatment or no-travel orders.

9. On March 17, 2005, Defendants submitted a letter to the Court in response to counsel's March 15, 2005 letter stating that Defendants did not believe Mr. Alexander demonstrated "good cause" to modify the Pretrial Schedule since he "did not attach an affidavit or letter from a physician, or any medical records, confirming any of the facts contained in his affidavit." A true and correct copy of Defendants' March 17 letter is attached hereto as Exhibit 6.

10. On March 18, 2005, Mr. Alexander filed a motion for a protective order regarding the scheduling and location of his deposition. A true and correct copy of Plaintiff's Notice of Motion, Motion, Memorandum of Law, Declaration of David Layden, and Declaration of Robert Alexander are attached hereto as Exhibits 7, 8, 9, 10, and 11, respectively. In Mr. Layden's Declaration, he represents to the Court that Mr. Alexander "would be undergoing radiation treatment in Las Vegas on March 22, and therefore would be unable to appear in Minneapolis for a deposition on that date." *See* Exhibit 10, at ¶ 3. Mr. Layden does not say what personal knowledge he had to support that statement or what diligence he took to fulfill his Rule 11 obligations to the Court. Additionally, no documentation from a physician or health care provider was submitted as part of the motion to support any of the allegations concerning Mr. Alexander's medical condition, radiation treatment or no-travel orders.

11. During a telephone conversation with Ms. Bettison on March 18, 2005, I informed her that Defendants were going forward with the March 22, 2005 deposition as noticed.

I also again inquired as to the existence of written proof from a physician or health care provider of Mr. Alexander's medical condition.

12. On March 22, 2005, Defendants convened Mr. Alexander's deposition at 9:20 AM in Minneapolis, Minnesota at the offices of Maslon Edelman Borman & Brand, LLP. Attached hereto as Exhibit 12 is a true and correct copy of the transcript from the March 22, 2005 deposition of Robert Alexander. Neither Mr. Alexander nor his counsel appeared for the deposition.

13. On March 23, 2005, the day after his scheduled deposition, Mr. Layden submitted a letter to the Court which states that Mr. Alexander was not in fact undergoing any radiation treatment on March 22, 2005 or anytime before that date. A true and correct copy of the March 23 letter is attached hereto as Exhibit 13. Moreover, contrary to all prior representations made to Defendants and the Court, the letter explains that Mr. Alexander has not even commenced radiation treatment.

14. Mr. Layden's March 23 letter attaches a letter from Mr. Bradford to Dr. Jeffrey Eckhart, M.D., who is apparently Mr. Alexander's physician. A true and correct copy of that letter is attached hereto as Exhibit 14. The letter confirms a conversation between Mr. Layden and Dr. Eckardt on March 18, 2005 regarding Mr. Alexander's surgery in December 2004, a prescribed course of radiation therapy, and the doctor's instruction not to travel during the radiation therapy. No explanation is made regarding Mr. Alexander's current medical condition, his recovery progress from his December surgery, or details concerning his prescribed treatment that justify a no-travel restriction.

15. Attached hereto as Exhibit 15 is a true and correct copy of Robert Alexander's Motion for Hearing Re: Gambling Assessment Findings filed on January 14, 2005 in the case of

5

Donielle Alexander vs. Robert Alexander, Case No. D-325704, District Court, Family Division, Clark County, Nevada.

16. Attached hereto as Exhibits 16 and 17 are true and correct copies of an Application for Order Shortening Time on which to hear Robert Alexander's Motion for Hearing Re: Gambling Assessment and Order Shortening Time, both filed on January 14, 2005 in the case of Donielle Alexander vs. Robert Alexander, Case No. D-325704, District Court, Family Division, Clark County, Nevada.

FURTHER AFFIANT SAYETH NOT

                                          s/Jason A. Lien
                                          Jason A. Lien

Subscribed and sworn to before me this
24th day of March, 2005

s/Clarissa D. Robertson