**GREENE**
**ESPEL**

ATTORNEYS & COUNSELORS

STACY LYNN BETTISON
DIRECT DIAL NO. (612) 373-8333
SBETTISON@GR-ESPEL.COM

March 15, 2005

**VIA FEDERAL EXPRESS**

Magistrate Judge Raymond L. Erickson
412 Federal Building
515 West First Street
Duluth, MN 55802

Re: *Robert Alexander v. Chuck Bond, et al.*
Court File No. 04-1323 PAM/RLE

Dear Magistrate Judge Erickson:

We are writing, on behalf of Plaintiff Robert Alexander, to respectfully request that this Court modify the Scheduling Order in this case because cancer surgery and radiation treatment have severely impaired Mr. Alexander's ability to proceed with discovery in accordance with the Scheduling Order originally entered by the Court.

On February 23, 2005, the parties filed an agreed-upon Stipulation to Modify the Scheduling Order, which referenced "an unforeseen delay in discovery," but which did not provide an adequate explanation demonstrating good cause pursuant to Federal Rule of Civil Procedure 16(b). In presenting the Stipulation to the Court, counsel did not mention Mr. Alexander's medical condition out of a desire to keep that information out of the public record. In retrospect, counsel should have advised the Court of these circumstances. Mr. Alexander's counsel apologizes for the lack of further explanation and provides it in this letter.

In late December 2004, Mr. Alexander underwent surgery to remove a large cyst from the area between his left knee and ankle. (I have enclosed a Declaration executed by Mr. Alexander, which provides an explanation of his surgery, diagnosis, and treatment.) In early February 2005, Mr. Alexander learned that the cyst had been identified as a cancerous sarcoma. Mr. Alexander's surgeon, Dr. Jeffrey Eckardt of UCLA Santa Monica Medical Center, has directed Mr. Alexander to undergo daily radiation for a period of 8-12 weeks, and has instructed Mr. Alexander not to travel during that period.

As a result of the surgery, Mr. Alexander was unable to walk for one and a half months. Mr. Alexander is now commencing the radiation treatments, and does not expect to finish them until early June 2005. Because of his doctor's no-travel restriction, he must complete the course of radiation in Las Vegas, Nevada, where he resides. Mr. Alexander has endeavored to

200 SOUTH SIXTH STREET, SUITE 1200, MINNEAPOLIS, MN 55402-1415
612-373-0830 TEL   612-373-0929 FAX   WWW.GREENEESPEL.COM
PROFESSIONAL LIMITED LIABILITY PARTNERSHIP

**Exhibit 4**

cooperate with discovery in this case, but his medical condition, the pain associated with it, and the need for further treatment have made it virtually impossible for him to do so for the last several months and will impede his ability to do so over the next three months.

Given these extenuating circumstances, Mr. Alexander respectfully requests that the Court modify the Scheduling Order, in accordance with the Stipulation agreed to by the parties and submitted to the Court, to extend each deadline, including the trial date, by three months. In the alternative, if this Court determines that a three month extension of all pretrial deadlines is not appropriate, Mr. Alexander respectfully requests that the Court enter such additional extension as the Court determines appropriate under these circumstances.

In all events, Mr. Alexander respectfully requests that the Court extend by 60 days the relevant dates for expert disclosures. The current schedule contemplated that Mr. Alexander's expert disclosure would occur on March 1, 2005 and that Defendants' expert disclosure would occur on April 1, 2005. The only expert that Mr. Alexander presently intends to designate is a damages expert (which may include relevant business valuation testimony). As a precondition to providing a damages expert report, Mr. Alexander requires certain discovery from Defendants, including documents related to the business and limited deposition testimony regarding the financial condition of the business at various relevant points. In light of the parties' agreement that an extension of discovery deadlines would be appropriate, Mr. Alexander agreed to extend the time for Defendants to respond to Mr. Alexander's written discovery beyond March 1, and did not seek deposition testimony prior to March 1.

For all of the reasons set forth above, Mr. Alexander respectfully requests that this Court modify the Scheduling Order in this case in light of the explanation provided herein. In the event that the Court declines to extend the deadlines by three months, Mr. Alexander requests, at a minimum, that this Court extend the date for expert disclosures until May 1, 2005 for Mr. Alexander and June 1, 2005 for Defendants.

Mr. Alexander has been advised that Defendants are not joining in this request.

Very truly yours,

Stacy Lynn Bettison

SB/eal
Enclosure
c: William Z. Pentelovitch (Counsel for Defendants, w/enc.)