# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA
# FOURTH DIVISION

| | |
|---|---|
| ROBERT ALEXANDER, a citizen of Nevada, <br><br> Plaintiff, <br><br> v. <br><br> CHARLES F. BOND, a citizen of Minnesota, and COKeM INTERNATIONAL, LTD., a Minnesota corporation. | Civil No. 04-1323 (PAM/RLE) <br><br><br> MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER |

Plaintiff, Robert Alexander, by his counsel, respectfully moves this Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for entry of a protective order with respect to the scheduling and location of Mr. Alexander's deposition. In support of this motion, Mr. Alexander states:

1. By an amended deposition notice served on January 14, 2005, Defendants noticed the deposition of Mr. Alexander for March 2, 2005 in Minneapolis. (*See* Declaration of David C. Layden ("Layden Decl.") ¶ 1, a copy of which is attached hereto as Exhibit 1.)

2. In mid-February 2005, David Layden, one of Mr. Alexander's counsel, telephoned Jason Lien, one of Defendants' counsel, and advised Mr. Lien that Mr. Alexander had been diagnosed with cancer and prescribed a lengthy course of radiation treatment that might interfere with his ability to appear for a deposition on March 22 in Minneapolis. (Layden Decl. ¶ 2.) Rather than attempting to reschedule the deposition at that time, Mr. Layden proposed, and Mr. Lien agreed, that they would confer as the date for the deposition grew closer so that they could more accurately assess Mr. Alexander's medical circumstances. (*Id.*)

153495-1

# Exhibit 9

3.  As set forth in the Declaration of Robert Alexander ("Alexander Decl.") attached hereto as Exhibit 2, in late December 2004, Mr. Alexander underwent surgery to remove a large cyst from the area between his left knee and ankle. (Alexander Decl. ¶ 2.) In early February 2005, Mr. Alexander learned that the cyst had been identified as a cancerous sarcoma. (*Id.*) Mr. Alexander's surgeon, Dr. Jeffrey Eckardt of UCLA Santa Monica Medical Center, has directed Mr. Alexander to undergo daily radiation for a period of 8-12 weeks, and has instructed Mr. Alexander not to travel during that period. (*Id.* ¶ 3.)

4.  As a result of the surgery, Mr. Alexander was unable to walk for one and a half months. (Alexander Decl. ¶ 4.) Mr. Alexander is now commencing the radiation treatments, and does not expect to finish them until early June 2005. (*Id.* ¶ 5.) Because of his doctor's no-travel restriction, he must complete the course of radiation in Las Vegas, Nevada, where he resides.

5.  As a consequence, it would violate express medical direction for Mr. Alexander to travel to Minneapolis for a deposition on March 22.

6.  On Wednesday, March 9, 2005, after receiving an update from Mr. Alexander regarding his condition, his need for radiation treatment, and his inability to travel to Minnesota for a deposition on March 22, Mr. Layden telephoned Mr. Lien and advised him that Mr. Alexander would be undergoing radiation treatment in Las Vegas on March 22, and therefore would be unable to appear in Minneapolis for a deposition on that date. (Layden Decl. ¶ 3.) In a good faith effort to accommodate Defendants' desire to proceed with Mr. Alexander's deposition and avoid the involvement of this Court in a discovery dispute, Mr. Layden offered to make Mr. Alexander available in Las Vegas (where he will still be undergoing radiation treatment) on April 13. (*Id.*)

153495-1

5. After conferring with his clients, Mr. Lien telephoned Mr. Layden later on March 9 and advised that Defendants were rejecting Mr. Layden's proposed accommodation, and would not agree to modify either the date or the location of the deposition noticed for March 22 in Minneapolis. (Layden Decl. ¶ 4.)

6. While Mr. Alexander and Defendants have been able to cooperate with respect to scheduling in other matters in this litigation up to this juncture, the insistence upon conducting a deposition now in Minneapolis, when Mr. Alexander's medical condition precludes the same, is beyond the pale and represents precisely the type of undue burden against which Rule 26(c) is intended to protect.

8. While Mr. Alexander was willing to resolve this matter on the basis of a deposition in Las Vegas in April so as to avoid judicial involvement in a discovery matter, in light of Defendants' unreasonable position and insistence on taking the deposition in Minneapolis, Mr. Alexander believes the most appropriate relief is for this Court to issue an order postponing his deposition until two weeks subsequent to his completion of radiation treatment. At that time, the deposition can be taken in Minneapolis.

9. While Mr. Alexander remains amenable to submitting to a deposition in Las Vegas while undergoing radiation, counsel respectfully suggests that it is not in anyone's best interest for Mr. Alexander to be deposed while undergoing radiation. The side effects of radiation therapy are well known and it is very doubtful that Mr. Alexander could give his best testimony under these circumstances.

10. Accordingly, Mr. Alexander respectfully requests that this Court enter a protective order providing that Mr. Alexander shall submit to his deposition on a mutually-agreed date no earlier than two weeks and no later than four weeks subsequent to his completion

153495-1

of radiation therapy, which deposition may occur in Minneapolis. In the alternative, Mr. Alexander respectfully requests that this Court issue an order providing that the deposition of Mr. Alexander, if taken while he is undergoing radiation therapy, shall be conducted in Las Vegas, Nevada.

11. It is not counsel's preference to seek costs in the ordinary course. However, Rule 37 of the Federal Rules of Civil Procedure provides for the award of attorneys' fees unless the Court finds that the opposing party's objection was substantially justified or other circumstances make an award of expense unjust. (Fed. R. Civ. P. 37(a)(4); *see also* Fed. R. Civ. P. 26(c).)

12. Mr. Alexander respectfully suggests that Defendants' insistence upon compelling Mr. Alexander to travel during a period in which he is receiving radiation therapy and under orders not to travel is not substantially justified within the meaning of Rules 26(c) and 37(a)(4) and that Mr. Alexander should be awarded his attorneys' fees and costs in connection with this motion.

13. In a final, good faith effort to resolve this discovery dispute without further involvement of the Court, Mr. Alexander's counsel is delivering a letter to Defendants' counsel along with the service copy of this motion. In that letter (a copy of which is attached as Exhibit 3), Mr. Alexander's counsel reiterated their interest in resolving this dispute consensually, and requested that Defendants reconsider their position.

WHEREFORE, for the reasons set forth above, Mr. Alexander respectfully requests that this Court grant this motion; enter an order providing that: (a) Mr. Alexander shall submit to his deposition on a mutually-agreed date no earlier than two weeks and no later than four weeks subsequent to his completion of radiation therapy, which deposition may occur in Minneapolis; and (b) that Defendants shall pay Mr. Alexander his costs in bringing this motion; and award such other and further relief as is just and appropriate.

Dated: March 18, 2005

**GREENE ESPEL, P.L.L.P.**

s/ Stacy Lynn Bettison
Stacy Lynn Bettison, Reg. No. 315886
200 S. Sixth Street, Suite 1200
Minneapolis, MN 55402
(612) 373-0830

and

**JENNER & BLOCK LLP**

David J. Bradford, Reg. No. 00272094
David C. Layden, Reg. No. 6216417
One IBM Plaza
Chicago, IL 60611
(312) 222-9350

Attorneys for Plaintiff

153495-1