```
MOT
JIMMERSON HANSEN, P.C.
JAMES J. JIMMERSON, ESQ.
Nevada Bar No. 000264
SHELLEY LUBRITZ, ESQ.
Nevada Bar No. 005410
415 So. Sixth St., Ste. 100
Las Vegas, Nevada 89101
(702) 388-7171
Attorneys for Defendant
ROBERT ALEXANDER
```

FILED
Jan 14 2 55 PM '05
CLERK

# DISTRICT COURT
## FAMILY DIVISION
### CLARK COUNTY, NEVADA

* * * *

| | |
|---|---|
| DONIELLE ALEXANDER, | CASE NO.: D-325704 |
| Plaintiff, | DEPT. NO.: I |
| vs. | Date: 01/19/05 |
| ROBERT ALEXANDER, | Time: 4:00 P.M. |
| Defendant, | |

"NOTICE: YOU ARE REQUIRED TO FILE A WRITTEN RESPONSE TO THIS MOTION WITH THE CLERK OF THE COURT AND TO PROVIDE THE UNDERSIGNED WITH A COPY OF YOUR RESPONSE WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS MOTION. FAILURE TO FILE A WRITTEN RESPONSE WITH THE CLERK OF THE COURT WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS MOTION MAY RESULT IN THE REQUESTED RELIEF BEING GRANTED BY THE COURT WITHOUT HEARING PRIOR TO THE SCHEDULED HEARING DATE."

## DEFENDANT'S MOTION FOR HEARING RE: GAMBLIING ASSESSMENT FINDINGS BY ROBERT E. HUNTER, Ph.D AND FREDERICK W. PRESTON, Ph.D

COMES NOW, Defendant, ROBERT ALEXANDER, by and through his counsel of record, JAMES J. JIMMERSON, ESQ. and SHELLEY LUBRITZ, ESQ., of the law firm of JIMMERSON HANSEN, P.C., and hereby submits his Motion for Hearing Re: Gambling Assessment Findings by Robert E. Hunter, Ph.D and Frederick W. Preston, Ph.D in the above-referenced matter.

///

RECEIVED
JAN 1 4 2005
CLARK COUNTY



1

Exhibit 15

This Motion is made and based upon the pleadings and papers on file herein, the attached Memorandum of Points and Authorities, and upon such other oral or documentary evidence as may be adduced at the hearing of this Motion.

DATED: January 14, 2005.

JIMMERSON HANSEN, P.C.

By: _____
JAMES J. JIMMERSON, ESQ.
Nevada Bar No. 000264
SHELLEY LUBRITZ, ESQ.
Nevada Bar No. 005410
415 South Sixth Street, Suite 100
Las Vegas, Nevada 89101
(702) 388-7171
Attorneys for Defendant

## NOTICE OF MOTION

PLEASE TAKE NOTICE that the undersigned will bring the above and foregoing, **ROBERT ALEXANDER'S MOTION FOR HEARING RE: GAMBLIING ASSESSMENT FINDINGS BY ROBERT E. HUNTER, Ph.D AND FREDERICK W. PRESTON, Ph. D**, on for hearing before the above-entitled Court on the Date: 01/19/05 ___, 2005, at the hour of _____, of said day, or as soon thereafter as counsel can be heard in Department "E" of the above-entitled Court. Time: 4:00 P.M.

DATED: January 14, 2005.

JIMMERSON HANSEN, P.C.

By: _____
JAMES J. JIMMERSON, ESQ.
Nevada Bar No. 000264
SHELLEY LUBRITZ, ESQ.
Nevada Bar No. 005410
415 South Sixth Street, Suite 100
Las Vegas, Nevada 89101
(702) 388-7171
Attorneys for Defendant,
ROBERT ALEXANDER

# MEMORANDUM OF POINTS AND AUTHORITIES

DONIELLE ALEXANDER (hereinafter referred to as "DONIELLE") and Defendant, ROBERT ALEXANDER (hereinafter referred to as "ROBERT") were married on September 3, 1989. There are two (2) minor children born the issue of this marriage, to-wit: Nicholas Alexander, born December 4, 1989; and Elyse Alexander, born July 26, 1994.

The parties were last before this Honorable Court on December 3, 2005. At the time of this hearing, DONIELLE requested that ROBERT undergo a second gambling assessment. DONIELLE, through her counsel specifically requested that Robert E. Hunter, Ph.D, one of the foremost authorities in this area, conduct the assessment. Ever thorough, Dr. Hunter asked a colleague, Frederick W. Preston, Ph.D., to independently assess ROBERT as well. ROBERT voluntarily submitted to this additional testing.

On December 22, 2004, Dr. Hunter submitted his findings, as well as those of Dr. Preston, to this Honorable Court. Both experts reached the same conclusion, independent of one another, to-wit: ROBERT is not a problem gambler!

In his report, Dr. Hunter stated:

> *In short, my findings (consistent with those of Dr. Preston) are that Mr. Alexander does not meet the criteria for a diagnosis of Pathological Gambling. He does not endorse the American Psychiatric Association DSMIV criteria, does not meet the NODS criteria or the SOGS criteria per Dr. Preston, and does not present in interview as a pathological gambler.*

[Emphasis added]. A copy of this Report is attached hereto as **Exhibit A** and incorporated herein by reference.

In his Report, Dr. Preston's independent findings were consistent with those of Dr. Hunter:

> *On Thursday, 9 December 2004, I administered the two most widely utilized screens/instruments for assessing problem gamblers to Robert A. Alexander in my office at the Problem Gambling Center. Both screens/instruments, the NODS which was designed in the late 90s by the National Opinion Research Center at the University of Chicago and the SOGS which was first designed in the mid 80s for use in a gambling treatment center, strongly indicated that Mr. Alexander is not a problem gambler.*

3

> *Both the NODS and the SOGS are actually quite sensitive to issues of problem gambling, that is, they are more likely to give a false positive for "at risk" behavior than a false negative. Even with this tendency of the screens/instruments, Mr. Alexander was assessed as not being a problem gambler.*

[Emphasis added]. A copy of this Report is attached hereto as **Exhibit B** and incorporated herein by reference.

During the course of the December 3, 2004 hearing, the Court stated it would lift the gambling prohibition once it was determined that ROBERT was not a problem gambler.

> THE COURT ADVISED it would address emergency temporary orders, Dr. Hunter's report will be provided to counsel when received, or Dr. Hunter is authorized to fax his report to counsel. *If the report determines that Defendant is not a problem gambler, but is a professional gambler, the Court's prior Order for Defendant to cease gambling be lifted; the Court's judicial executive assistant will arrange a telephone conference with counsel when the report is received to address whether to allow Defendant access to gambling funds depending on the outcome of the report, and if so, consider like compensation to Plaintiff.*

[Emphasis added].

Due to the Court's calendar, it was unable to set a telephonic hearing. ROBERT needs to be able to earn a living while practicing his profession. Accordingly, ROBERT respectfully requests that this matter be set for hearing immediately so that the gambling prohibition may be lifted.

Additionally, ROBERT requests that he be awarded a sum certain which he may utilize for gambling. He cannot continue to be restrained from earning a living.

## II.

## CONCLUSION

WHEREFORE, based upon the foregoing, Defendant, ROBERT ALEXANDER, respectfully requests that:

1. Defendant's Motion be granted in its entirety;
2. That the prohibition against Defendant's gambling be lifted and he be awarded a sum certain which he may utilize for gambling; and

3. For such other and further relief this Court deems just and proper in the premises.

RESPECTFULLY SUBMITTED: January 14, 2005.

JIMMERSON HANSEN, P.C.

By: _____
JAMES J. JIMMERSON, ESQ.
Nevada Bar No. 000264
SHELLEY LUBRITZ, ESQ.
Nevada Bar No. 005410
415 South Sixth Street, Suite 100
Las Vegas, Nevada 89101
702-388-7171
Attorney for Defendant.
ROBERT ALEXANDER