

GEORGE W. FLYNN
STEVE GASKINS
ROBERT BENNETT
BARBARA JEAN D'AQUILA
JEANNINE L. LEE
TIMOTHY R. SCHUPP
STEVEN E. RAU

WILLIAM J. TIPPING
THOMAS KLOSOWSKI
BRADLEY J. AYERS
HAL A. SHILLINGSTAD
SCOTT M. RUSERT
JENNIFER F. ROSEMARK
CYNTHIA A. BREMER

333 SOUTH 7TH STREET, SUITE 2900, MINNEAPOLIS, MN 55402
TEL 612.333.9500 FAX 612.333.9579 TOLL 866.397.4497
WWW.FLYNNGASKINS.COM

PATRICK R. MARTIN
JOHN J. LARAVUSO
ERIC W. HAGEMAN
JEFFRY SCHMIDT
SONIA MILLER-VAN OORT
JONATHAN A. STRAUSS
LORI D. SEMKE
WENDY M. CANADAY

ANDREA KIEHL
RYAN O. VETTLESON
ROBERT W. VACCARO
ANDREW J. NOEL
DANIEL N. SACCO
DANIEL B. STRUNK
KELLY A. MOFFITT
OLIVER E. NELSON III

**Via Facsimile 612-338-8690 & U.S. Mail**

June 28, 2006

William LeMire, Esq.
Foley & Mansfield
250 Marquette Ave., Suite 1200
Minneapolis, MN 55401

Re: Chicago Avenue Partners v. Broan-Nutone, L.L.C.
    Our File No. 54-17004

Dear Mr. LeMire:

I am in receipt of Defendant Broan-Nutone's answers to discovery dated June 26, 2006. Many of the responses contained therein are deficient and documents sought by Requests for Production of Documents, which I know to exist, have not been produced. The following is a list of my objections to your discovery answers:

(a) INTERROGATORY NO 5: Identify each part or component of the ventilation fan, including the function, composition, content and chemical make-up, size and type, supplier or manufacturer, and the employee of Broan-Nutone most knowledgeable about the composition and function of each part or component.

ANSWER: Drawings closest to the ventilation fan in question have been provided with the document responses.

No objection was made to this interrogatory. The answer is not responsive. Rule 33(d) of the Federal Rules of Civil Procedure does state that a party may refer to business records when "the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served" and the "specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as can the party served, the records from which the answer may be ascertained." The drawings provided may answer this interrogatory to the extent they list the parts composing the fan. However, your answer fails to consider any of the other elements to this interrogatory.

(b) INTERROGATORY NO. 8: Identify any changes, alterations, or modifications made to the model ventilation fan from the date it was first manufactured to the present, describing with particularity each change, alteration, or modification, including, but not limited to, the reason for each change, alteration, or modification, the identify of each person who authorized such change, alteration, or modification, and the location of any


        documents recommending, suggesting, or requiring such change, alteration, or modification. In addition, identity every document relating to such changes, alterations, or modifications.

        ANSWER: Defendant Broan-Nutone objects to this Interrogatory as vague, overly broad, and unduly burdensome. Subject to and without waiving said objections, the tooling was changed significantly in 1981 and then the product line was totally redesigned in 1987. The revisions are reflected in the drawings.

First, your objection is unfounded. There is nothing about this interrogatory that is vague, overly broad or unduly burdensome. To clarify, the "Definitions" section of Plaintiff's Interrogations, defines "ventilation fan" as "model number 663/688 that was installed in unit 34 of the apartment building located at 1504 Chicago Avenue, Minneapolis, Minnesota, at the time of the May 6, 2002 fire." Thus, all interrogatories should be answered based on this definition. Moreover, in answering Interrogatory No. 3 you further narrowed the definition by stating that the subject fan was manufactured between 1978 and 1981. Second, your answer does not respond to all elements of the interrogatory. You fail to "describe with particularity each change, alteration, or modification, including but not limited to, the reason for each change, alteration, or modification" and you fail to identify the person you authorized the changes. While you do identify documents, these documents are not responsive to these questions.

  (c)    INTERROGATORY NO. 9: With regard to the ventilation fan model identified in your Answer to Interrogatory No. 3, state whether said ventilation fan model or any of its component parts were ever subject to voluntary or mandatory recalls, retrofits or modification programs and, if so, please state the date of such recalls, retrofits or modification programs, and the factual basis for such recalls, retrofits or modification programs, the person(s) or entity which recommended or dictated that such recalls be implemented, and identify all documents related to such recalls, retrofits or modification programs.

        ANSWER: See Answer to Interrogatory No. 3.

You have no objection to this interrogatory. Interrogatory No. 3 is wholly unresponsive. Please provide an answer.

  (d)    INTERROGATORY NO. 10: Identify the individuals employed or retained by Broan-Nutone whose duties or responsibilities encompass(ed): design of the ventilation fan; oversight or input into the manufacture of the ventilation fan; quality control for the ventilation fan; fire safety or safety design of the ventilation fan; testing of the flammability properties or flammability hazards of the ventilation fan; warnings related to the ventilation fan; receiving and responding to customer complaints or claims involving the ventilation fan; and investigation of complaints, claims, and/or lawsuits involving the ventilation fan.



        ANSWER: Defendant Broan-Nutone objects to this Interrogatory as vague, overly broad, and unduly burdensome. Subject to and without waiving said objections, Defendant Broan-Nutone's departments include the following: engineering, manufacturing, quality control, research and development, and technical support.

Again, your objection is unfounded as there is nothing in this interrogatory that is vague, overly broad or unduly burdensome. The "Definitions" section of Plaintiff's Interrogations, defines "ventilation fan" as "model number 663/688 that was installed in unit 34 of the apartment building located at 1504 Chicago Avenue, Minneapolis, Minnesota, at the time of the May 6, 2002 fire." Further, the answer you do provide is wholly unresponsive. The interrogatory clearly asks for names of *individuals* not categories of departments at Broan-Nutone. Obviously, depositions cannot be noticed with the information provided in this answer.

   (e)    INTERROGATORY NO. 12: List and identify all internal and/or external testing conducted regarding the ventilation fan that is the subject of Plaintiff's Complaint. For each test performed, identify all people involved with or possessing knowledge of the test, and whether the testing resulted in a report, memoranda, or other document.

        ANSWER: Defendant Broan-Nutone objects to this Interrogatory as vague, overly broad, and unduly burdensome. Subject to and without waiving said objections, See answer to interrogatory no. 6 above.

Again, your objection is unfounded as there is nothing in this interrogatory that is vague, overly broad or unduly burdensome based on the limited definition of "ventilation fan." Moreover, Interrogatory No. 6 only points to UL documents. It does not identify any Broan-Nutone tests, or an Broan-Nutone employees involved in the internal testing, or the UL testing. Certainly, there are internal tests and there are documents that identify Broan-Nutone employees who worked closely with the UL - although not documents that you have produced.

   (f)    INTERROGATORY NO. 14: Identify all written standards, both internal and external, concerning the design, manufacture, and/or testing of the subject ventilation fan.

        ANSWER: Defendant Broan-Nutone objects to this Interrogatory as vague, overly broad, and unduly burdensome. Subject to and without waiving said objections, See answer to interrogatory no. 6 above.

Your objection is unfounded as there is nothing in this interrogatory that is vague, overly broad or unduly burdensome based on the limited definition of "ventilation fan." Interrogatory No. 6 references UL documents. It seems unlikely that Broan-Nutone did not have any internal standards. However, if I am wrong and it did not, please clarify that for me.

   (g)    REQUEST NO. 3: All records, memoranda or other documents that reflect, relate to, refer to or describe the policies, procedures, and/or standards (both external and



        internal) utilized by you with respect to the design, manufacture, maintenance, service, inspection, and/or testing of the subject Broan-Nutone fan, including but not limited, such records regarding the prevention of risks of fire hazard.

(h)    REQUEST NO. 4: All reports of fires, accidents and injuries arising out of the use and/or installation of Broan-Nutone ventilation fans for twenty (20) years prior to the subject fire and for every year subsequent to the subject fire.

(i)    REQUEST NO. 5: All records, manuals, memoranda or other documents created by Broan-Nutone or some other entity on Broan-Nutone's behalf, which accompanied the subject Broan-Nutone fan at the time of purchase.

(j)    REQUEST NO. 6: All reports, memoranda, correspondence or other documents regarding or concerning any investigation of the Broan-Nutone fan that is the subject of this lawsuit that was performed by you or someone on your behalf.

(k)    REQUEST NO. 12: All complaints, allegations, notices, reports, correspondence, memoranda or other documents pertaining to fires caused or allegedly caused by the Broan-Nutone fan that is the subject matter of this lawsuit, received by or made known to Broan-Nutone within twenty (20) years prior to the date of the subject fire.

(l)    REQUEST NO. 13: All documents relating to quality control and/or product safety by or on behalf of Broan-Nutone in the twenty (20) years preceding the fire that is the subject matter of Plaintiff's Complaint.

(m)    REQUEST NO. 14: All reports, memoranda, correspondence or other documents which analyze, discuss or otherwise refer to any characteristic of the ventilation fan at issue in this matter related to fire or other hazards.

(n)    REQUEST NO. 16: All documents relating to Broan-Nutone's preparation, developments and implementation of any warnings for the ventilation fan that is the subject matter of Plaintiff's Complaint.

(o)    REQUEST NO. 17: All documents sent to or received from Consumer Product Safety Commission relating to the ventilation fan which is the subject matter of the Plaintiff's Complaint.

(p)    REQUEST NO. 19: All documents relating to changes to the design of the ventilation fan at issue in this case in the last twenty (20) years.

No objections to any of the above requests were made, therefore any objections you may now wish to assert are waived. Fed. R. Civ. P. 33(b)(4). In answering each of these you state, "Unknown" or "Unknown because the fan cannot be identified." These answers are completely unresponsive and must be supplemented. The definitions state all interrogatories are seeking information on a ventilation

William LeMire, Esq.
June 28, 2006
Page 5



fan model 663/688. In answering Interrogatory No. 3 you allege that the fan was manufactured during the 3-year window of 1978 to 1981. There is no reason that the documents responsive to these requests for the 663/688 model, manufactured between 1978-1981 (where applicable to the responses) were not produced.

Given that I gave you an extension to answer discovery so that you could gather all documentation, I was genuinely surprised by the wholly unresponsive answers to discovery that you served. Moreover, the depositions of Eliot Duncan and David Wolbrink are scheduled for July 11 and 12, 2006. I agreed to travel to Milwaukee to take those depositions. The depositions cannot be productive without all relevant documents that should have been produced. Therefore, I ask that you review your answers and supplement them by July 2, 2006, or I will seek to bring a conference with the judge or a motion to compel, if necessary prior to taking the depositions of the Broan- Nutone representatives. If the depositions have to be postponed because I do not have the necessary information, I will seek to have them taken in Minneapolis at a later date.

Sincerely,

Andrea D. Kiehl
akiehl@flynngaskins.com

cc: Jeffry C. Schmidt