# FOLEY & MANSFIELD PLLP

Minneapolis

RECEIVED
JUN 2 9 2006

June 28, 2006

WILLIAM A. LeMIRE
(612) 216-0016

**VIA FACSIMILE & U.S. MAIL**

Andrea Kiehl, Esq.
Flynn, Gaskins & Bennett, L.L.P.
333 South Seventh Street, Suite 2900
Minneapolis, MN 55402

Re:  Chicago Avenue Partners, Ltd. (State Farm) v. Broan-Nutone LLC
     Your File No.: 54-17004
     Date of Loss: May 6, 2002
     Court Case No. 0:05-cv-1898-PJS-JJG
     Your File No. 54-17004
     Our File No. 10076-1

Dear Andrea:

I have your letter dated June 28, 2006 complaining about the deficiencies in our responses to your discovery requests. As we repeatedly stated in our objections, and as we have stated from the beginning of this case, my client cannot specifically identify the subject ventilation fan. The plastic components that comprised the bath fan's impeller, damper collar, and grill were completely consumed in the fire. The charred remains also indicate that the components that did survive the fire were not original equipment. While my client is able to identify the fan as a Broan-Nutone fan, my client is not able to identify any further characteristics (e.g. exact product name, model number, serial number or date of manufacture) which would allow it to provide you meaningful written discovery responses. We know the fan is a Broan fan most likely from the late 1970's.

Your objections repeatedly refer to your law firm's definition of the "ventilation fan" as being a certain model number. It is not appropriate for you to simply pick a definition of a fan that you like and then request that my client produce information relative to a model number or serial number which cannot fairly be determined from the charred remains of the ventilation fan.

Our position to you and to the Court is that we are limited in what we can provide. Perhaps you could take Eliot Duncan's deposition as a 30(b)(6) witness and make further determinations about what Broan-Nutone may or may not have. If you limit your initial deposition to a 30(b)(6) inquiry to make such determinations then I would allow you to take his deposition again in his capacity as a fact witness. A 30(b)(6) deposition of Mr. Duncan would help define the limitations and problems associated with our inability to identify this product.

We are not trying to play "hide the ball" or be deliberately unresponsive with our answers. Your law firm and your client chose to sue my client under circumstances where we have no ability to defend ourselves. I made that clear to your firm at the outset of this case (see attached letter). I made that clear to the Magistrate when we first met with her at the beginning of this case. You cannot file a product liability claim based on a product which is essentially unidentifiable, then go on a fishing expedition for documents and information. The best we can determine is that the fan was manufactured sometime in the late 1970's. Moreover, based on the configuration of the charred remains, our client can say that it is a Broan-Nutone fan. Other than that, we have nothing.

Let us know immediately whether you still plan to take the depositions in Milwaukee. Also, please note that I will be on vacation the entire week of July 5th.

Sincerely,

WILLIAM A. LeMIRE
wlemire@foleymansfield.com


WAL/cmh
Enclosure

# FOLEY & MANSFIELD
### Attorneys At Law

Detroit • Los Angeles • Miami • Minneapolis • New York • St. Louis • San Francisco

December 27, 2005

WILLIAM A. LeMIRE
(612) 216-0016

## CERTIFIED MAIL ■ RETURN RECEIPT REQUESTED

Jeffry C. Schmidt, Esq.
Flynn, Gaskins & Bennett, L.L.P.
333 South Seventh Street, Suite 2900
Minneapolis, MN 55402

Re: Chicago Avenue Partners, Ltd. (State Farm) v. Broan-Nutone LLC
Your File No.: 54-17004
Date of Loss: May 6, 2002
Court Case No. 05-1898 PAM/RLE
Our File No. 10076-1

Dear Mr. Schmidt:

I am writing to request that your client (State Farm) voluntarily withdraw its $1.2 million subrogation claim in the above-referenced case. I am making this request out of respect for our legal profession generally and out of respect for fire cause and origin litigation specifically.

Your subrogation claim alleges that a Broan ventilation fan electrically malfunctioned and caused the apartment fire. According to your Complaint, the fire occurred on May 6, 2002. Broan never received any kind of notice of this claim until December 6, 2004, two and one-half years after the fire. By that time, the fire scene did not exist. The apartment had been completely repaired, replaced and renovated.

Your fire cause and origin investigator, Mark Bishop, investigated the fire on May 7, 2002. According to his written report, he began his investigation at 10:30 a.m. on May 7, 2002 and completed his investigation at 3 p.m. on May 7, 2002. During those four and a half hours he identified and ruled out a variety of electrical artifacts and other physical evidence. Unfortunately, Mr. Bishop did not secure or preserve any evidence.

Prior to Mr. Bishop's arrival at the scene, the Minneapolis Fire Department disconnected and removed the ceiling fan. The MFD did not disconnect and remove the entirety of the fan or its components. Mr. Bishop's report concludes that the fire's ignition source was the Broan ceiling fan. Bishop admitted at the time of his report that he could not identify the manufacturer of the fan. He stated that the building management company was searching its records to determine proper identification. For whatever reason, two and a half years passed before Broan was notified of this fire and any suspicion that its product contributed to causing the fire.

The two and a half year delay combined with the obvious deficiencies in the fire cause and origin investigation have conspired to prejudicially jeopardize Broan's defense rights. The two and a half year delay combined with the deficient fire cause and origin investigation would have been unacceptable twenty years ago. In our current fire cause and origin investigation climate, dominated as it is by Daubert and NFPA 921, the two and one-half year delay and the deficient fire investigation are inexcusable. For these reasons, we respectfully request that you and your client withdraw your subrogation claim.

Please do not view this letter as defense posturing or bravado. I have never sent a letter like this. I have never seen one sent. Without naming parties or individuals, I have shared the facts and circumstances of this investigation with local and national peers and colleagues. Without exception they have characterized the combination of this two and a half year delay and the deficient fire investigation as irresponsible and irreparably prejudicial.

From reading the materials you sent us, it appears that your firm received this file several months after the investigation. I believe that you and your firm were not involved when these prejudicial errors occurred.

If you decide to press forward with this subrogation claim please allow this letter to serve as a **notice letter**. We will, with our motion for summary judgment at the close of discovery, request that Judge Magnuson award Broan all attorney fees and costs it incurs in being forced to defend this claim handcuffed as we are by a two and a half year delay in receiving notice and by a frightfully deficient fire origin and cause investigation.

Thank you for your honest and professional attention to this request.

Sincerely,

WILLIAM A. LeMIRE
wlemire@foleymansfield.com

WAL/cmh

---

SENDER: COMPLETE THIS SECTION
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jeffrey Schmidt
Flynn Guskins & Bennett
333 South 7th Street
Suite 2900
MPLS. MN 55402

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X Goren Gustav  ☒ Agent ☐ Addressee

B. Received by (Printed Name)
G. GUSTAV

C. Date of Delivery
12.28.05

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☒ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number (Transfer from service label)
7005 1160 0004 2289 8041

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540