# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITEDHEALTH GROUP, INCORPORATED, a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>LEXINGTON INSURANCE COMPANY, a Delaware corporation and COLUMBIA CASUALTYCOMPANY, an Illinois corporation<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 05-cv-01289 (PJS/ JJG) |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT COLUMBIA CASUALTY COMPANY'S
## MOTION TO MODIFY THE PRE-TRIAL ORDER

Defendant, Columbia Casualty Company ("Columbia"), pursuant to Local Rule 16.3, hereby moves this Court to modify the May 9, 2006 Pre-Trial Order and extend the time within which Columbia may designate an expert pursuant to Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure and provide the full disclosure of expert testimony in a written report and signed by the expert pursuant to Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, and in support thereof, states:

1.  This is a coverage dispute wherein UnitedHealth Group, Inc. ("United") seeks a coverage determination with respect to 35 claims (the "Denied Claims") and other claims ("open claims") which would then work to reduce the limits of policies underlying the policy issued to United by Columbia ("the Columbia policy"), thereby

triggering coverage of the Columbia policy. Included in the amounts which arguably would erode the underlying policies are defense fees and costs incurred by United in the Denied Claims and open claims.

2. According to the Pre-Trial Order issued by this Court on May 9, 2006, Columbia has until February 15, 2007 to designate any expert witness. See Exhibit A to Affidavit of Kevin Lewis ("Lewis Aff.") Pre-Trial Order.

3. Columbia intends to designate two experts, one of which it will designate with its report on February 15, 2007. Columbia seeks additional time in which to designate an expert with respect to the issues of the reasonableness and necessity of the fees incurred by United in the Denied claims and open claims and whether United is seeking recovery of fees associated with its prosecution of certain claims.

4. Columbia seeks an extension of time to designate its expert because United has failed to timely produce defense bills for the Denied Claims and open claims which are the subject of the expert opinion in question. United has tendered certain of the pertinent defense bills for the Denied Claims on a rolling basis (the most recently tendered group of which was produced only days ago, on January 30, 2007). Columbia also has not received *any* defense bills for the open claims through the document production in the litigation. Only a single year of bills for the litigation styled The American Medical Association, et al. v. United Healthcare Corporation, et al., United States District Court Southern District of New York, Case No. 00 Civ. 2800 (the "AMA litigation"), moreover, has been tendered by United, pursuant to its contractual obligations. See Exhibit B to Lewis Aff., Letter from Heidi Fisher, January 30, 2007.

5. On August 22, 2006, Columbia served United with its First Set of Requests for Production of Documents. Columbia specifically requested defense invoices for all of the claims in United's loss runs, including the Denied Claims and the open claims. See Exhibit C to Lewis Aff., Columbia's First Set of Requests for Production of Documents.

6. On September 25, 2006, United served Columbia with its Response to Columbia's First Set of Requests. No documents were produced to Columbia on September 25, 2006. See Exhibit D to Lewis Aff., United's Objections and Responses to Columbia's First Set of Requests for Production of Documents.

7. In fact, Columbia received the first disk of documents in response to its requests on October 19, 2006, and received additional disks of documents on a rolling basis thereafter, until it received the most recent disk on January 30, 2007. Included within the production were several defense bills for the Denied Claims.

8. United's production included a number of documents that were heavily redacted. See, e.g., Exhibit E to Lewis Aff., Bates Numbers UHG22357-UHG22358. Only after United and Columbia had a "meet and confer" discussion on November 17, 2006 did United finally agree to provide complete copies of defense bills for the Denied Claims.

9. On November 30, 2006, Columbia served United with its Second Set of Requests for Production of Documents, which specifically sought defense bills for the open claims, including the AMA litigation. See, Exhibit F to Lewis Aff., Columbia's Second Set of Requests for Production of Documents.

10. On January 3, 2007, United served its Objections and Responses to Columbia's Second Set of Requests for Production of Documents, in which it stated that it would not produce the requested open claim documents in the litigation. See, Exhibit G to Lewis Aff., United's Objections and Responses to Columbia's Second Set of Requests for Production of Documents.

11. In a letter dated January 30, 2007, United reiterated its position that it had produced all of the bills that it would produce in the coverage litigation, and further specifically refused to produce defense bills for the AMA litigation or any other claims through the litigation (but stated it would do so as contractually required). See Exhibit B to Lewis Aff..

12. To date, Columbia has not received any of the defense bills for the "open claims" except for the one year of defense bills for the AMA litigation, which it received February 2, 2007.

13. Columbia's expert needs time to review the bills for reasonableness and necessity and to evaluate whether any of the fees and costs are associated with United's prosecution of certain claims. Based on the fact that Columbia received the most recent set of defense bills related to the Denied Claims on January 30, 2007, despite its own diligence, Columbia does not have sufficient time to provide these documents to an expert and obtain a report in time to meet the February 15, 2007 deadline.

14. Columbia is filing this motion prior to the deadline date. Columbia has not received any of the defense bills for the open claims, and did not receive the most recent set of defense bills for the Denied Claims until January 30, 2007. Accordingly, Columbia

has good cause to seek an extension of time for designating its expert related to the issue of fees incurred by United and to provide the full disclosure of expert testimony in a written report. See, e.g., Archer Daniels Midland Co. v. Aon Risk Services, Inc. of Minnesota, 187 F.R.D. 578, 581 (D.Minn. 1999) (recognizing that the "good cause" standard demands a demonstration that the existing schedule cannot be met despite diligence of the party seeking an extension).

WHEREFORE, Defendant, Columbia Casualty Company, respectfully requests, pursuant to Local Rule 16.3, that this Court amend the Pre-Trial Order and allow Columbia until March 30, 2007 to designate its expert with respect to fees incurred by United in the Denied Claims and to provide the full disclosure of expert testimony in a written report and signed by the expert with respect to the Denied Claims. Columbia further requests sixty (60) days from the date it receives the entirety of the defense bills for the open claims to provide the full disclosure of expert testimony in a written report and signed by the expert with respect to the open claims.

Respectfully submitted:

                                  **ABRAMS & SMITH, P.A.**

                                  By: /s/Kevin R. Lewis
                                  One of the Attorneys for Defendant
                                  Columbia Casualty Company

Jerome B. Abrams (MN#126627)
Kevin R. Lewis (MN#264349)
220 S. 6th Street
Suite 1250
Minneapolis, MN 55402
Phone: 612.342.2100
Fax: 612.342.2107
*Attorneys for Defendant*
*Columbia Casualty Company*


Of Counsel:
Michael Marick
Rebecca Haller
Meckler Bugler & Tilson
123 N. Wacker Dr., Suite 1800
Chicago, IL 60606
Phone: 312. 474.7900

M:\10416\discover\MTEXTEND-Expert.doc