# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Lydia Policher Lacsamana, | Civil File No.: _____ |
| Plaintiff, | |
| v. | **DEFENDANT'S NOTICE OF REMOVAL** |
| Liberty Life Assurance Company of Boston, | |
| Defendant. | |

Pursuant to 28 U.S.C. § 1446, Defendant Liberty Life Assurance Company of Boston ("Liberty Life"), hereby gives notice that the above-entitled action has been removed to this Court pursuant to 28 U.S.C. §§ 1331, 1332 and 1441, and states the following grounds for removal:

1. This action was commenced by Plaintiff Lydia Policher Lacsamana ("Plaintiff") against Liberty Life by service of a Summons and Complaint on September 7, 2007. A true and correct copy of the Summons and Complaint is attached as Exhibit A and is incorporated herein by reference.

2. The action was originally venued in the Minnesota State District Court, County of Dakota, First Judicial District ("State Court") and is entitled "Lydia Policher Lacsamana, Plaintiff v. Liberty Life Assurance Company of Boston, Defendant."

3. Plaintiff served Liberty Life with a copy of the State Court Summons and Complaint via Corporation Service Company ("CSC"). CSC received the

Summons and Complaint on September 7, 2007 and provided a copy to Liberty Life on the same date.

4. The Complaint does not identify Plaintiff's state of citizenship or primary residence. However, Defendant is informed and believes Plaintiff is a citizen and resident of the state of Minnesota.

5. Defendant Liberty Life is a foreign corporation incorporated under the laws of Massachusetts. Defendant maintains its principal place of business in Boston, Massachusetts.

6. Defendant has not served any answer or responsive pleading to the Complaint, nor made any appearance or argument before the State Court.

7. This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the Parties and, upon information and belief, Plaintiff is seeking in excess of Seventy-Five Thousand Dollars ($75,000.00) in damages. Although the Complaint vaguely recites damages "for benefits owed and to be owed in an amount to be determined pursuant to the benefits provisions of said contract…and for such other and further relief as may be just and equitable," this statement is not a stipulated limitation on damages of less than $75,000.00.

8. Consequently, this action is removed pursuant to 28 U.S.C. §§ 1332 and 1441.

9. This action also is removed to this Court on the separate and independent ground that original jurisdiction exists pursuant to 28 U.S.C. § 1331, as this action involves claims that relate to the laws of the United States. Specifically, Plaintiff

seeks to recover disability insurance benefits allegedly due under a group disability income policy ("Policy") issued by Liberty Life to Plaintiff's employer, Sodexho Operations LLC ("Sodexho"). The Policy provides certain short-term and long-term disability benefits to eligible employees of Sodexho. The Policy was issued pursuant to the Sodexho short-term and long-term disability plan ("Sodexho Plan"), which is an employee welfare benefit plan as defined by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. A copy of the Policy that controls Plaintiff's claim for benefits is attached as Exhibit B. The Complaint specifically references the Policy at Paragraphs II and VI through VIII.

10. ERISA preempts "any and all State Laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). "A state law relates to a benefit plan, in the formal sense of the phrase, if it has a connection with or reference to such a plan." Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739 (1985).

11. The Complaint seeks to recover benefits and damages under a state law breach of contract cause of action. This claim is preempted by ERISA because it relates to an employee benefit plan. Pilot Life Ins. Co. v. Dedeaux, 481 U.S.C. 41 (1987); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

12. This action is removable to this Court pursuant to 28 U.S.C. § 1441(b) because the state law claim involves federal remedies available to participants and beneficiaries under ERISA plans pursuant to 29 U.S.C. § 1132(a). Aetna Health Inc. v. Davila, 542 U.S. 200 (2004); Metropolitan Life Ins. Co. v. Taylor, supra.

13. This Notice is filed with this Court within thirty (30) days of

Defendant's receipt of copies of the Summons and Complaint in the State Action.

14. Defendant submits this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

15. The State Court from which this action was removed and in which this action was commenced is within this Court's district and division.

16. This Notice of Removal will be filed promptly with the Minnesota State District Court, County of Dakota, First Judicial District, as required by 28 U.S.C. § 1446(d).

17. By copy of this document and in accordance with the Affidavit of Service, Defendant is providing notice to all parties in this action advising of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant gives notice that the referenced action pending in the Minnesota State District Court, County of Dakota, First Judicial District has been removed to this Court.

Dated: September 19, 2007  JACKSON LEWIS LLP

*s/ V. John Ella*
V. John Ella (#249282)
150 Fifth Street Towers, Suite 1450
150 South Fifth Street
Minneapolis, MN  55402
(612) 341-8131

AND

Ashley B. Abel (*Pro Hac Vice Application Pending*)
Robert M. Wood (*Pro Hac Vice Application Pending*)
JACKSON LEWIS LLP
One Liberty Square
55 Beattie Place, Suite 800
Greenville, South Carolina 29601
(864) 232-7000

ATTORNEYS FOR DEFENDANT