UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

Daniel Bolling and Sherry Bolling,

                    Plaintiffs,                    Case No: 07-CV-04590 PJS/RLE

v.

Minnesota Asset Recovery Solutions, LLC,          **DEFENDANT MINNESOTA ASSET**
a State of Minnesota Limited Liability             **RECOVERY SOLUTIONS, LLC'S AND**
Company,  Patrick K. Willis Company, Inc.,         **PETER THOMAS CLARK' S ANSWER**
f/k/a P.K. Willis and Company, Inc., a State       **TO PLAINTIFF'S COMPLAINT**
of California Corporation,  Michael R.
Monroe, individually, and Peter Thomas
Clark, individually,

                    Defendants.

        Defendant Minnesota Asset Recovery Solutions, LLC and Peter Thomas Clark for their

Answer to the Complaint as to them jointly, state and allege as follows:

        1.      Defendant Minnesota Asset Recovery Solutions, LLC (Asset) and Peter Thomas

Clark (Clark) jointly deny each and every allegation contained in the Complaint, except as is

hereafter admitted or otherwise answered.

        2.      As to paragraph 1, Asset and Clark admit that this Court has federal question

jurisdiction over Fair Debt Collection Practices Act claims, but deny that they are covered by the

Federal Fair Debt Collection Practices Act.

        3.      Asset and Clark deny that this Court has jurisdiction over any of the claims in this

Complaint as to them.  Asset and Clark further deny that this Court has jurisdiction over the

pendent claims as to them.  Asset and Clark admit that venue is appropriate.

        4.      Asset and Clark was requested by Defendant Willis to conduct a voluntary

repossession of a Harley Davidson Motorcycle.   Asset and Clark believed in good faith that the

Plaintiffs had provided a purchase money security interest in the Motorcycle, that Plaintiffs were in default on their obligation. Willis represented to Asset and Clark that Asset had a lawful right of repossession of the vehicle and further that all applicable laws had been complied with. Asset and Clark further believed based on representations from Defendant Willis that a voluntary repossession of the Motorcycle had been arranged and consented to by the Plaintiffs.

5. On information and belief, Plaintiffs were in default on their obligation to Harley Davidson. They had no reasonable good faith basis to withhold repossession of the Harley, but instead were withholding repossession for the sole purpose of establishing a claim against Willis.

6. As requested by Willis, Peter Clark drove his truck to the residence of the Plaintiffs identified by Willis. He arrived at the Willis residence early, and stopped his truck in the street to await the appearance of the debtor. After waiting some time, a police officer appeared and after a short discussion, the police office stated that there had been complaints by neighbors. Based on the discussion with the officer, Clark believed that the complaints came from neighbors of the Plaintiffs and that they were concerned about noise from his truck, or the appearance of his truck in a residential neighborhood. Clark explained that he was awaiting to make a repossession and to avoid bothering the complaining neighbor, he moved his truck in front of the Plaintiffs' driveway, expecting to make a voluntary repossession of the motorcycle. Because of the neighbor's complaint, Clark then turned off his motor and waited for Bolling to appear to produce the motor cycle.

7. Unbeknownst to Asset and Clark, Plaintiffs had decided to attempt to establish a Fair Debt Collection Practices Case against Willis and was actively engaged in provoking Willis in whatever way they could develop evidence that would make a stronger case. On information and belief, Plaintiff Sherry Bolling is employed by a collection company and the Plaintiffs were

in the process of attempting to collect information about Willis by surreptitious tape recording and other means with which they could use to build a case. Clark was at the premises in good faith believing that Bollings would be providing a voluntary transfer of the motorcycle.

8. Instead, Bollings had decided to violate their creditors rights in the collateral and to intentionally deprive their creditor of the right to repossess the motorcycle. At all times, Bollings acted intentionally, and not in good faith, to deprive the creditor of the right of repossession.

9. At some point, Bolling appeared from his home. Clark rolled down his passenger window expecting Bolling to approach and make arrangements for the transfer. Bolling started to swear at Clark and then said that Clark should contact Bolling's attorney. Clark then called out to Bolling to request the name of the attorney, but Bolling climbed into his car. Mrs. Bolling was standing in front of the house so Clark tried to call to Mrs. Bolling to get the name of the attorney which Bolling had told Clark to contact. At this point, Bolling intentionally rammed Clark's vehicle then drove around and parked his vehicle across the street. Clark then immediately made a 911 call for police help.

10. Defendant Minnesota Asset Recovery Solutions, LLC denies the allegations contained in the following paragraphs of the Complaint: 2, 15, 27 (except as qualified by the above paragraphs setting out the events of that morning), 28, 29, 30. 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 44, 45, 46, 47, 48, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, and any allegations not expressly admitted herein.

11. Defendant Minnesota Asset Recovery Solutions, LLC admits the following paragraphs of the Complaint: 4, 5, 10, 12.

12. Asset and Clark lack sufficient information to form a belief as to the truth of the

allegations in the following paragraphs: 11, 13, 16, 17, 18, 20, 21, 22, 23, 24, 25, 26.

13.     As to paragraph 6, Asset and Clark admit that Minnesota Asset Recovery Solutions is a Minnesota Limited Liability Company.  Asset and Clark deny that its principle business is collecting debts and denies further that it is a "debt collector."   Asset and Clark admits that its principal business is the lawful repossession of vehicles and denies the balance of paragraph 6.

14.     On information and belief, Asset and Clark admits paragraph 7.

15.     As to paragraph 8, Asset and Clark deny any connection to Defendant Monroe and lacks sufficient information to form a belief as to the allegations relative to Monroe, but denies that Monroe is an agent of Asset and Clark, and further deny that any actions taken by Monroe were taken on behalf of Asset and Clark.  Asset and Clark deny any knowledge of the actions taken by Monroe.

16.     Asset and Clark admit that Defendant Clark is employed by Minnesota Asset Recovery Solutions, but deny the balance of paragraph 9.

17.     As to paragraph 14, Asset and Clark admits that Willis requested Asset and Clark under the terms of a contract.  Under the terms of that contract, Willis represents that it will not request repossession of a vehicle unless it has legal authority to do so and further undertakes to indemnify Asset (and for that reason Clark).   Willis has an obligation to defend, hold harmless, and indemnify Asset and Clark from the claims herein,

18.     As to paragraph 19, Asset and Clark admits that it made a prior trip to the Plaintiffs home and waited for them to appear and that they did not show up as expected.

## AFFIRMATIVE DEFENSES

Defendant Minnesota Asset Recovery Solutions, LLC, for its affirmative defenses to

Plaintiffs' Complaint, states and alleges as follows:

1.     Plaintiffs' Complaint fails to state claims upon which relief can be granted as to Asset and Clark because Asset and Clark are not covered by the Act.

2.     Plaintiffs' claims are barred by the applicable statutes of limitations.

3.     Plaintiffs' claims against Asset and Clark are barred by their actions to purposely deprive the debtor of collateral.  But for their decision intentionally and wilfully to evade their contractual oblations, Willis would not have dispatched Asset and Clark to pick up the motorcycle.  Asset and Clark are an innocent victim of the dispute between Plaintiffs and Willis.

4.     Plaintiffs' claims, in whole or in part, are barred by the doctrines of estoppel and unclean hands.  Plaintiffs specifically behaved on the morning of the recovery involving Asset and Clark in a way designed to induce or cause it to appear that Asset and Clark was violating the law, when in fact, Asset and Clark had no such intention.

5.     Defendants Asset and Clark affirmatively allege that as to Asset and Clark any damages sustained by Plaintiffs were the result of conduct on the part of third persons and entities over whom Defendant Minnesota Asset Recovery Solutions, LLC had no control and for whose conduct Asset and Clark are not responsible.

6.     Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to mitigate their alleged damages.

7.     Defendants Asset and Clark acted in good faith and in full compliance with federal and state laws of all types relevant to the events alleged in Plaintiffs' Complaint.

**WHEREFORE,** Defendants Asset and Clark respectfully requests that this Court:

1.     Enter Judgment dismissing Plaintiffs' Complaint with prejudice;

2.     Award to Asset and Clark their fees, costs and disbursements incurred; and

3.      Award to Asset and Clark any and all other relief that the Court deems just and equitable under the circumstances.

Dated: March 21, 2008

RINKE-NOONAN

By: /s/ Gerald W. Von Korff
Gerald W. Von Korff, #113232
Attorneys for Defendants Minnesota Asset
Recovery Solutions, LLC and Clark
P.O. Box 1497
St. Cloud, MN 56302-1497
320 251-6700